### Eliza D. Mayo *vs.* Uriah K. Mayo.
### Same *vs.* Same.

Suffolk.   November 19, 1875. — January 4, 1876.   Colt, J., absent.

.On the trial of a libel by a wife for divorce from her husband on the ground of cruelty, the husband was permitted, without objection, to show in explanation of his conduct that he had received an anonymous letter, but was not permitted to put the contents of the letter in evidence. *Held*, that he had no ground of exception.

On the trial of a libel by a wife for divorce from her husband on the ground of adultery, the libellant contended that the husband had committed adultery with A., and put in evidence tending to show that he and A. were found together in the same room at a hotel in the night-time, under circumstances which justified the inference of adulterous intercourse. The husband contended and put in evidence, tending to show that he was at the hotel in his professional capacity as a dentist, and that the libellant, A. and a private detective, had formed a criminal conspiracy to entice him to the hotel and place him in an equivocal position with A. so as to furnish false evidence of adultery. The husband called A. and asked her if she was the woman spoken of as being in the hotel with him. She declined to answer on the ground that it would tend to criminate herself, and the judge instructed her that she was not obliged to do so. He then asked her a number of questions which she answered without objection, and which, so far as relevant, would furnish links in a chain of evidence tending to convict her either of adultery or criminal conspiracy. She then declined to answer further. The judge then instructed her as to her rights more fully than at first, and inquired of her if she had fully understood them. She replied that she had not. *Held*, that it was within the discretion of the presiding judge to allow the witness then to claim her privilege, and to order her evidence already given to be struck out of the case.

If the testimony of a witness is struck out of the case, on the ground of her misapprehension of her privilege as a witness, the party calling her cannot put in her declarations or admissions to contradict her, under the St. of 1869, *c.* 425.

On the trial of a libel by a wife for divorce from her husband on the ground of adultery, the woman with whom the husband was charged with having had adulterous intercourse was called by the libellee as a witness, testified, and her testimony was afterwards stricken out on the ground of her misapprehension of her privilege as a witness. She was then asked by the libellee, "Whom she had met and with whom she had been in conversation since the adjournment of the court" several days before. The judge ruled that the libellee might show any conversations with the libellant or any agent of hers, but beyond this the question was

immaterial. *Held,* there being no testimony of the witness in the case to be contradicted by such conversations, that the ruling was correct.

On the trial of a libel by a wife for divorce from her husband on the ground of adultery, the woman with whom the husband was charged with having had adulterous intercourse was called by the libellee as a witness, testified, and her testimony was afterwards stricken out because of her misapprehension of her privilege as a witness. The libellee argued to the jury, without any adverse ruling being made, that he had done all he could to get the woman as a witness and to make her testify as to the facts. The judge in his charge stated that the case must be considered as if the woman had never been put upon the stand. *Held,* that this expression in the charge gave the libellee no ground of exception.

MORTON, J. The libellant brought two libels for divorce, one charging extreme cruelty, the other adultery, which were tried together.

The only exception in the case for cruelty was to the exclusion by the court of the anonymous letter offered by the libellee. The fact that he had received an anonymous letter was put in by him, without objection, in explanation of his conduct. The letter was not evidence of the facts stated in it, and, whatever were its contents, could not justify abusive treatment of his wife. It was rightly rejected.

The other exceptions apply only to the libel for adultery.

The libellant claimed that her husband had committed adultery with one Mrs. French, and put in evidence tending to show that he and Mrs. French were found together in the same room at a hotel, in the night-time, under circumstances which justified the inference of adulterous intercourse.

The libellee claimed, and put in evidence tending to show, that he was at the hotel in his professional capacity as a dentist, and that the libellant, Mrs. French and a private detective, had formed a criminal conspiracy to entice him to the hotel and place him in an equivocal position with Mrs. French, so as to furnish false evidence of adultery.

The libellee called Mrs. French as a witness. He asked her if she was the woman spoken of as being at the hotel with him. She declined to answer, on the ground that it would tend to criminate herself, and the court instructed her that she was not obliged to do so. He then asked her a number of questions, which she answered without objection. Those answers, so far as they were of any materiality or relevancy in the case, would furnish links in a chain of evidence which would tend to convict her

either of adultery or of a criminal conspiracy. She then declined to answer further. The court then instructed her as to her rights more fully than at first, and inquired of her if she had fully understood them. She replied that she had not, and the court, being satisfied " that she had not fully comprehended her rights, and especially that she had not understood that if she answered upon any subject having any tendency to criminate herself, she must answer fully and minutely both on examination and cross-examination in relation thereto, ruled that she might then claim her privilege, and that the evidence heretofore given by her, having been given under this misapprehension, should be struck out of the case," to which the libellee excepted. We are of opinion that this course of proceeding of the presiding justice was not open to exception.

It is within the discretion of the court, and the usual practice, to advise a witness that he is not bound to criminate himself, where it appears necessary to protect the rights of the witness. If, after having advised him generally, it appears to the presiding justice that the witness intends to insist upon his privilege, but does not fully understand his rights, it is competent for him to instruct the witness fully as to them, otherwise the witness might be entrapped into a position where his privilege as a witness would be entirely defeated through his ignorance, and he would be obliged fully to criminate himself. *Foster* v. *Pierce*, 11 Cush. 437. *Commonwealth* v. *Price*, 10 Gray, 472.

In the case at bar, therefore, it was competent for the presiding justice, after the witness had made some answers tending to criminate her, if he was satisfied that she had answered ignorantly and in misapprehension of her rights and duty to the court, to instruct her more fully and to advise her that she was not obliged to answer further. And it necessarily followed that such answers already given should be stricken out. The libellant could have no right to cross-examine the witness in regard to them, and the only way to preserve the rights of all parties was to strike them from the case, as inadvertently and improperly admitted.

As the answers thus excluded embraced all the testimony of Mrs. French which had any bearing upon the case, the court properly directed that her whole testimony should be considered

as out of the case. This being so, it is too clear to need any discussion, that the libellee could not put in her declarations or admissions, to contradict her, under the St. of 1869, *c.* 425.

The trial consumed several days, and at a late stage of it the libellee asked the witness, Mrs. French, " whom she had met and with whom she had been in company since the adjournment of the court on the Saturday previous." The court ruled that the libellee might show any conversations with the libellant or any agent of hers, but beyond this the question was immaterial. This was correct. Any conversations the witness had held were incompetent, unless they were with the libellant or some one connected with her, there being no testimony of the witness in the case to be contradicted by such conversations.

The libellant excepted to an expresssion used in the charge to the jury to the effect, that the case must be considered as if Mrs. French had never been put upon the stand, claiming that he had a right to have the jury consider that he had done all he could to get her as a witness and to make her testify as to the facts. But the instruction fairly construed did not deprive him of this right.

It appears by the bill of exceptions that he was permitted to and did argue this claim to the jury, and that no adverse ruling was made in regard to it. The instruction is in substance the same as if the court had said that the case was to be considered as if Mrs. French had not given any evidence. It was not intended to, and did not in fact, deprive the libellant of the right to argue that he had done all he could to procure her testimony.

*Exceptions overruled*

*A. A. Ranney*, for the libellee.
*G. A. Somerby*, for the libellant