ADELINE E. FORCE *vs.* WILLIAM H. MARTIN.

Norfolk.   January 23. — 29, 1877.   MORTON & ENDICOTT, JJ., absent.

A party cannot, under the St. of 1869, *c.* 425, contradict his own witness by showing
  that he has, at other times, made statements inconsistent with his testimony, if his
  testimony is not material to the issue.

In a bastardy case, evidence that the complainant had at some previous time been
  seen in bed with a person other than the respondent, but not fixing any time, is
  immaterial.

COMPLAINT under the bastardy act.   At the trial in the Su-
perior Court, before *Allen*, J., the respondent called Willard
Force, a brother of the complainant, and asked him if he ever
saw his brother Horace in bed with the complainant, to which
he answered that he never had.   He was then asked if he did not
so state at the hearing before the justice before whom the first
hearing was had.   To this question the complainant objected,
but the judge overruled the objection.   The answer of the wit-
ness was, that he did not remember whether he so testified or
not.   Several witnesses were then called by the respondent, and
each of them was asked if Willard Force testified before said
justice that he had seen his brother Horace in bed with the com-

plainant. To this question the complainant objected, but the judge overruled the objection. Each witness answered that he did so testify. There was no evidence that Willard, in his testimony before the justice of the peace, fixed any time when he saw his brother Horace in bed with the complainant, and the witnesses testified that he did not fix any time.

The jury returned a verdict for the respondent; and the complainant alleged exceptions.

*F. D. Ely*, for the complainant.

*H. E. Fales*, for the respondent.

GRAY, C. J. Under the St. of 1869, *c.* 425, allowing the party, who produces a witness, to prove by other evidence, not material for any other purpose, that he has made at other times statements inconsistent with his present testimony, the testimony which it is proposed to contradict must have been material to the issue on trial. In the present case, as the question put to the first witness did not fix any time, and therefore does not appear to have been material to the issue on trial, his answer was conclusive, and the admission, against objection, of evidence to contradict it was erroneous. *Ryerson* v. *Abington*, 102 Mass. 526. *Mayo* v. *Mayo*, 119 Mass. 290. *Brooks* v. *Weeks*, 121 Mass. 433.                                *Exceptions sustained.*