JOHN J. CRAWFORD vs. CHARLES H. WESTON & another.

Suffolk. Nov. 11, 1880. — June 28, 1881. LORD, FIELD & DEVENS, JJ.,
absent.

A contract between A. and B. set forth the sale by A. to B. of the good will of
the entire interest of A.'s business "of manufacturing and selling machinery
and apparatus, belonging or appertaining to presses for hot-pressing textile
fabrics by means of hollow or chambered plates," and an agreement not to
engage, within the United States, in the business of manufacturing or selling
machinery or apparatus for hot-pressing textile fabrics by means of hollow or
chambered plates or especially belonging or appertaining to the same. *Held*,
that the right of A. to manufacture and sell presses passed to B. *Held, also,*
that the contract was not void for uncertainty.

In an action for damages for manufacturing machinery covered by letters patent,
in contravention of an agreement between the parties, the answer set up that
the defendant had paid a license for the machinery manufactured by him;
and a supplemental answer averred that a certain person gave the defendant
a license to manufacture and sell under said contract, a copy of which was
annexed. Annexed to the answer was a written contract from a joint owner
with the plaintiff of the patent. *Held*, that evidence of a parol license from
such joint owner was not admissible under the answer.

A party to an action, who has not complied with the requirements of the St. of
1869, c. 425, cannot contradict a witness called by him, who is not a party, by
showing that he has made previous statements inconsistent with his present
testimony.

No exception lies to the exclusion of a question, put to a witness who is a party
to the action, the answer to which necessarily involves his opinion upon the
existence and effect in law of a license to him.

A contract between A. and B. of the one part, and C. and D. of the other, whereby
A. and B. conveyed to C. and D. the right to manufacture machinery, under
letters patent, contained a clause beginning, "It is hereby mutually agreed
between the parties hereto," followed by several mutual agreements, and con-
cluding with an agreement by D. to pay to A. a certain sum in settlement of
a former account between them. *Held*, that this was an independent stipula-
tion, the non-performance of which would not prevent C. from maintaining an
action, after the death of D., against A. and B. for breach of the agreements
to be performed by them.

CONTRACT against Charles H. Weston and John Dennis for
breach of a written agreement, executed by them of the one
part, and by the plaintiff and William Dobbins, since deceased,
of the other part, which recited the conveyance by the defend-
ants to the plaintiff and Dobbins of certain letters patent for
machinery and apparatus for hot-pressing textile fabrics by
means of hollow or chambered plates, and which contained the
following clauses:

"And for the considerations aforesaid, we the said Weston and Dennis do hereby sell and deliver unto the said Dobbins and Crawford all the patterns of machinery and apparatus appertaining or belonging to presses for hot-pressing textile fabrics, now owned by us and heretofore used in the prosecution of our business, excepting only the patterns of the presses themselves, which it is understood and agreed that the said Dobbins and Crawford, or either of them, may at any time have the use of at fair and reasonable prices; and we do hereby assign and transfer unto the said Dobbins and Crawford the good will of our entire business of manufacturing and selling machinery and apparatus, belonging or appertaining to presses for hot-pressing textile fabrics by means of hollow or chambered plates, as heretofore carried on by us, and all the benefit and advantage to be henceforth derived from the further prosecution of the same.

"And for the considerations aforesaid, we the said Weston and Dennis do hereby also covenant and agree that we will not, nor will either of us hereafter, during the residue of the respective terms of the letters patent aforesaid now unexpired, engaged within the United States in the business of manufacturing or selling machinery or apparatus for hot-pressing textile fabrics by means of hollow or chambered plates, or especially belonging or appertaining to the same."

Near the end of the agreement was a clause beginning, "And it is hereby mutually understood, stipulated and agreed between the parties hereto that," and containing a statement of certain privileges reserved by the defendants, and certain obligations assumed by the plaintiff and Dobbins, and concluding thus: "that the said Dobbins will purchase from the said Weston and Dennis such iron as they may now have on hand adapted for use in the manufacture of press-plates, and will pay them therefor fair and reasonable prices, to be ascertained by appraisal; and that the said Dobbins will also pay to the said Weston the further sum of seventy-four dollars and seventy-five cents in liquidation and full settlement of former accounts between them."

Trial in the Superior Court, without a jury, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

The defendants contended that "presses" were not included in the contract under the terms therein used as to machinery, apparatus, &c., and offered evidence to show that the "presses" were not included in the contract, and the defendants were not prohibited from making, selling or repairing them. The judge ruled, as matter of law, that presses and plates were included in and covered by the terms of the contract, and that the defendants were prohibited from making, selling or repairing the same, for the purposes named in the contract. By an instrument of even date with the contract, the plaintiff Crawford had assigned certain rights in certain territories, under the patents named in the contract declared on, to Dobbins, and the defendants contended that they were duly authorized and licensed to manufacture and sell in said territories by the administratrix of Dobbins. Evidence tending to show an oral license from said administratrix to manufacture and sell in said assigned territories, namely, Massachusetts, New Hampshire, Maine and Rhode Island, was offered by the defendants, but excluded by the judge, because, among other reasons, the same had not been set up in the answer; * and the defendants excepted to the exclusion of this evidence.

The written license set forth in the defendants' answer having been impeached as fraudulent by the plaintiff, and it appearing in evidence to have been antedated about two years, and the administratrix of Dobbins, a witness called by the defendants, having testified she did not know it was antedated, the defendants offered testimony tending to show that, in conversation with one Richard Dobbins, at or about the time of the date of said license, she had spoken of giving such a license to the defendants. The judge excluded this evidence.

The defendant Weston was asked by his counsel whether he had begun to construct any plates other than those he had a license for. The judge excluded this question, as calling for an opinion of the witness on a matter of law in the case.

The defendants further requested the judge to rule as follows: "1. The contract is void for vagueness, uncertainty and contradictions. 2. The plaintiff must prove affirmatively that he and

* The material portions of the answer are stated in the opinion.

William Dobbins complied with all the conditions and obligations imposed upon them, or either of them, by the contract declared on, as to the purchase of iron and the payment by said Dobbins of $74.75 to the defendants, in order to maintain this action. 3. If it appears that there was a division of the rights under the contract between Crawford and Dobbins, by an instrument of assignment duly recorded in the United States Patent Office, of even date with said contract, and the personal representative of Dobbins had in any manner authorized or licensed the defendants to manufacture and sell in the territories assigned to said Dobbins, and the defendants had from time to time paid license fees or royalties to said Dobbins's personal representative for manufacturing and selling in said assigned territory, the plaintiff is estopped from claiming damages on account of the manufacture and sales so licensed or paid for."

The judge refused so to rule; and ruled that the contract was not void for vagueness, uncertainty or contradiction; that the plaintiff must prove affirmatively that he and Dobbins had complied with all the conditions imposed upon them by the contract declared on; and found, as a fact, that they had so done. There was no evidence that the $74.75 required in the contract to be paid by Dobbins to Weston had been paid; but the judge ruled that this agreement between Dobbins and said Weston was an independent contract or stipulation between those parties, the non-performance of which by Dobbins would not prevent the plaintiff from recovering in this case. The judge also found, as a fact, that there was no such iron as Dobbins had agreed in the contract to purchase of Weston and Dennis, and ruled that the failure of Dobbins to purchase and pay for any such iron would not prevent the plaintiff from recovering in this case, because it did not appear that Weston and Dennis had such iron. The judge found, as a fact, that the license from Mrs. Dobbins, as administratrix of her husband, to the defendants, was fraudulently obtained from her by the defendants, and was void for that reason.

The defendants alleged exceptions to the rulings and refusals to rule.

*J. Ladd*, for the defendants.

*A. R. Brown*, for the plaintiffs.

MORTON, J. We are of opinion that none of the defendants' exceptions can be sustained.

1. By the contract upon which the suit is brought, the defendants assign to Dobbins and Crawford " the good will of our entire business of manufacturing and selling machinery and apparatus belonging or appertaining to presses for hot-pressing textile fabrics by means of hollow or chambered plates, as heretofore carried on by us." If this provision stood alone, perhaps it might be doubtful whether it included the presses themselves, or covered merely the machinery or apparatus attached to the presses. But it is explained by the clause immediately following, in which the defendants covenant "that we will not, nor will either of us hereafter, during the residue of the respective terms of the letters patent aforesaid now unexpired, engage within the United States in the business of manufacturing or selling machinery or apparatus for hot-pressing textile fabrics by means of hollow or chambered plates, or especially belonging or appertaining to the same." Construing the two together, we are of opinion that it was the intention of the parties that the defendants should not have the right to manufacture or sell presses. They are included in the terms of the defendants' covenant, being a necessary part of the machinery or apparatus for " hot-pressing textile fabrics." The ruling of the Superior Court upon this subject was correct.

2. The court correctly ruled that the evidence offered of an oral license from the administratrix of Dobbins to the defendants to manufacture and sell the presses and machinery, was inadmissible, because not set up in the answer. The first supplemental answer avers that the defendants " have accounted for and paid a license fee or royalty for all the machinery and apparatus manufactured and sold by them, or either of them, cov ered by said letters patent since the sale and transfer of said patents to the plaintiff." This certainly does not set forth in clear and precise terms an oral license from the administratrix of Dobbins. A subsequent amendment of the answer sets up that the administratrix of Dobbins " gave to defendant Weston a license and authority to manufacture, do repairs and sell under said contract, a copy whereof is hereto annexed marked A. And defendants further say they were duly authorized and

licensed by the personal representatives of said Dobbins to manufacture and sell under said contract." The last clause would naturally be understood by the plaintiff as a statement of a conclusion of law that the defendants were duly authorized by the written license to manufacture and sell, and would not give him notice of another and distinct oral license. To hold that this answer sets forth in clear and precise terms an oral license as a fact relied on in avoidance of the action, would be countenancing instead of discouraging vagueness and loose generalities. Gen. Sts. *c.* 129, § 27.

3. The evidence offered to show that, at or about the time the written license was dated, the administratrix of Dobbins had "spoken of giving such a license to the defendants," was properly rejected. The administratrix was a witness called by the defendants. She was not a party to the suit, and her declarations were not competent as independent evidence. The defendants, not having complied with the requirements of the St. of 1869, *c.* 425, could not contradict their own witness by showing that she had made previous statements inconsistent with her present testimony. *Ryerson* v. *Abington,* 102 Mass. 526, and cases cited.

4. The question put to the defendant Weston, whether "he had begun to construct other presses than those he had a license for," was objectionable in form, as the answer necessarily involved the opinion of the witness upon the existence and effect in law of a license to him, and no exception lies to its exclusion by the court.

5. The court rightly refused the three requests for instruction presented by the defendants. The contract is intelligible, and not void for vagueness or uncertainty.

The court found, as a fact, that the plaintiff and Dobbins had complied with all the conditions of the contract upon which the right of action depended; and rightly ruled that the agreement at the end of the contract that Dobbins should pay Weston $74.75, the balance of accounts between them, was an independent contract between them, in which the plaintiff had no interest, and that the non-performance of it by Dobbins would not prevent the plaintiff from recovering in this case.

As the court found, as a fact, that the license upon which the defendants relied was obtained by fraud and was void, the third instruction requested by the defendants was inapplicable to the case, and could not properly be given.

*Exceptions overruled.*