## COMMONWEALTH *vs.* THOMAS F. DONAHOE.

Plymouth. Oct. 17. — 23, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

Under the St. of 1869, c. 425, a party producing a witness may contradict his testimony upon any matter material to the issue, by showing that he has made at other times statements inconsistent with his present testimony, having first mentioned to the witness the circumstances of the statement sufficient to designate the occasion on which it was made.

INDICTMENT under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining a common nuisance, to wit, a certain tenement in Abington, used for the illegal sale and illegal keeping of intoxicating liquors, on May 1, 1881, and on divers other days and times between that day and October 26, 1881. Trial in the Superior Court, at October term 1881, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The government called one Andrew J. Dunham as a witness, who testified that he did not think he had bought any intoxicating liquor at the defendant's place between May 1 and October 1, 1881.

The government then asked him if he did not tell one Nash, (an officer, who had previously testified in behalf of the government,) "a week ago last Monday," that he had bought rum or whiskey there since May 1; to which the witness replied that he told him something to that effect, but that he could not tell whether it was before or since that date. Upon the question being repeated, the witness denied that he had made such statement to Nash.

The government then recalled Nash, and asked him, "if, a week ago last Monday in the cars, Andrew J. Dunham said anything about purchasing whiskey or rum since May 1, and prior to October 21, 1881." To this question the defendant objected. The objection was overruled, and the witness replied that Dunham stated in the cars that he had bought rum or whiskey of the defendant, that he could not tell what date it was, but it was since May 1, and the last purchase was less than a month ago.

Dunham was then asked by the government, "if a week ago last Monday he did not tell Nash in the cars that the defendant had offered him money, if he would not testify against him in

this case." To which he replied, that he did not tell Nash, a week ago last Monday in the cars, that the defendant had so offered him money; " I told him that he would rather give me back some money which I claimed belonged to me, than have me testify against him." On cross-examination, he testified, " I did not tell Nash that the defendant had paid me a cent. He had not offered to pay me a cent."

The government then recalled Nash, and asked him, " if, a week ago last Monday in the cars, Andrew J. Dunham said anything to him about the defendant having offered to pay Dunham money, if he would not testify against the defendant in this case." To this question the defendant objected. The objection was overruled, and the witness replied that " Dunham said the defendant had offered to give back money he had got of his, if he would not testify against him."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. H. Osborne*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

MORTON, C. J. Under our practice, a party producing a witness has the right to contradict his testimony upon any matter material to the issue, by showing that he has made at other times statements inconsistent with his present testimony, having first mentioned to the witness the circumstances of the statement sufficient to designate the occasion on which it was made. St. 1869, c. 425. Pub. Sts. c. 169, § 22. *Ryerson* v. *Abington*, 102 Mass. 526. *Force* v. *Martin*, 122 Mass. 5.

In the case at bar, one Dunham, called by the government, testified that he did not think he had bought any liquor at the defendant's place between May 1 and October 1, 1881. This was material testimony, and the government had the right to contradict it, by showing that he had told Nash that he had bought liquor there between May and October, the prosecuting officer having first laid the foundation for the evidence by mentioning to the witness the occasion on which the statement was made.

So the testimony of Dunham, that the defendant had not offered to pay him money, if he would not testify against the

defendant, was material; and it was competent for the government, upon the same conditions, to prove that Dunham had made contradictory statements.

Both questions put by the government to Nash were therefore competent. *Exceptions overruled.*