## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

JOHN L. BATCHELDER & another, executors, *vs.* GEORGE L. BATCHELDER & others.

Suffolk. Jan. 29. — Feb. 12, 1885. DEVENS, W. ALLEN, & COLBURN, JJ., absent.

A party cannot, under the Pub. Sts. c. 169, § 22, contradict his own witness by showing that he has, at other times, made statements inconsistent with his testimony, if the circumstances of the supposed statement sufficient to designate the particular occasion are not mentioned to the witness, or if his testimony is not material to the issue.

At the trial of an appeal from a decree of the Probate Court, allowing a will, one of the issues being undue influence on the part of the testator's wife, evidence of what were the relations between the testator and his wife eight or nine years before the will was made may properly be excluded.

APPEAL by the heirs at law of Henry L. Batchelder from a decree of the Probate Court allowing the will of said Batchelder. At the hearing, before *C. Allen*, J., the jury returned a verdict for the executors; and the appellants alleged exceptions to the exclusion of certain evidence, which appear in the opinion.

*G. R. Swasey & J. M. Olmstead*, for the appellants.

*R. M. Morse, Jr.*, for the executors.

MORTON, C. J. 1. The testimony of Mrs. Winslow, that Mrs. Sears, a witness called by the appellants, had made statements inconsistent with her testimony at the trial, was properly

excluded, for two reasons. The circumstances of the supposed statement sufficient to designate the particular occasion were not mentioned to the witness. But, further, the testimony of Mrs. Sears, which the appellants sought to contradict, was immaterial. Mrs. Sears was called by the appellants, and testified that, in a conversation in regard to a will with Mrs. Batchelder, the wife of the testator, who was alleged to have procured the will offered for probate by the exercise of undue influence, Mrs. Batchelder said that she and her husband were satisfied with the will. The witness was then asked, " Did not Mrs. Alta Batchelder say something to you in effect like this, — that she had torn up, or insisted upon tearing up or destroying, a will that was not satisfactory to her?" to which she replied, " No, sir, nothing of the kind." The appellants afterwards called Mrs. Winslow, and offered to show that Mrs. Sears had a conversation with her, and made statements in it inconsistent with her testimony on the stand.

The object of the statute is to allow a party to impeach the credibility of a witness called by him, by showing that he has made statements inconsistent with his testimony upon material matters. But the contradiction has no legal tendency, as affirmative or independent evidence, to establish the truth of the subject matter of the statement. Pub. Sts. *c*. 169, § 22. *Ryerson* v. *Abington*, 102 Mass. 526. *Force* v. *Martin*, 122 Mass. 5. Mrs. Winslow's testimony, therefore, was not competent to prove what the conversation was; it could only be used to impeach the credit of Mrs. Sears. But her testimony that no such conversation as that claimed by the appellants took place, in the absence of any other evidence as to such conversation, was of no significance or materiality, and no amount of testimony to impair her credit with the jury would be of any aid in the solution of the case. It follows that, if we can treat the conversation with Mrs. Sears as having taken place before the execution of the will offered for probate, the presiding justice properly excluded the testimony offered.

2. The testimony offered to show what the relations between the testator and his wife were eight or nine years before the will was made relates to a period so remote that the court could properly exclude it. *Exceptions overruled.*