## SOPHIA COOK *vs.* FRANK S. FARNUM.

Plymouth.    November 17, 1926. — January 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Agency*, Scope of employment. *Evidence*, Competency. *Negligence*, Motor vehicle. *Practice, Civil*, Exceptions: construction of record, harmless error. *Witness*, Impeachment.

At the trial of an action for personal injuries alleged to have been received when the plaintiff was run into by an automobile of the defendant driven by the defendant's servant or agent, statements made by the driver to the plaintiff as he drove him home after the accident were not admissible as substantive evidence of negligence of the driver.

The record of exceptions by the plaintiff at the trial of the action above described was *held* not to show that the plaintiff had laid the foundation for the introduction under G. L. c. 233, § 23, of statements made by the defendant's driver to others which were inconsistent with testimony given by him as a witness when he was called by the plaintiff.

TORT for personal injuries.    Writ dated April 24, 1922.

In the Superior Court, the action was tried before *Burns*, J. Material evidence and exceptions saved by the plaintiff are described in the opinion. There was a verdict for the defendant.    The plaintiff alleged exceptions.

*H. C. Thorndike*, for the plaintiff.

*H. F. Hathaway*, for the defendant.

SANDERSON, J.    The plaintiff seeks to recover damages for injuries received when she was struck by an automobile, owned by the defendant and operated upon a public way by Charles E. Johnson his chauffeur.    The jury returned a verdict for the defendant, and the plaintiff's only exception relates to the admissibility of evidence.

Johnson, called as a witness by the plaintiff, testified, in substance, on direct examination, that immediately before the accident, which occurred in the evening, he was going at the rate of ten miles an hour, and then decreased his speed, turning out for a parked car; that when he got abreast of that car a woman stepped out within three feet of his car, with her head down; that she was back of

where he was sitting, so that he could just see her shadow and that was the first time he saw her; that she was hurrying and ran into his car, hitting the handle of the rear door on the right hand side; that she fell down, and when he picked her up he asked her why she ran into his car and she said that she did not see it and that he was not to blame; that he then took her home. The plaintiff's counsel then asked the witness whether he had any further talk on the way back. Upon objection the trial judge ruled that the witness might state what the plaintiff said to him and what he said to the plaintiff with reference to the operation of the car or any of the happenings at that time. The jury were then excused, and at a conference between the judge and counsel, which is not reported in full, counsel for the plaintiff stated that he offered to prove certain specific statements of the witness concerning the accident made to people named and under circumstances described in the question. This offered evidence was excluded subject to the plaintiff's exception. We understand that at the time this ruling was made the plaintiff was offering his witness's previous statements as substantive evidence to prove negligence. In excluding the offer on this ground there was no error. The plaintiff could not prove the defendant's negligence by what Johnson said to people outside of court, as such statements were not within the scope or for the purposes of his employment.

Counsel for the plaintiff then asked the judge if, in his ruling, he excluded questions in which the witness's attention was directed to the time and place when he made remarks inconsistent with his present testimony, not for the purpose of imputing negligence to the witness, but for the purpose of affecting the credibility of his present testimony. The judge said, in reply, that the witness might be asked all that he did at the time, that he was excluding the conversation that the witness had with the plaintiff or with other people after the accident took place, but that counsel might ask the witness whether he had said anything to a person named. After the judge had made replies to several questions asked by the plaintiff's counsel concerning the right of a party to prove inconsistent statements made by a witness called by him,

the full import of which is not clear, but in the course of which the judge said that he excluded the evidence offered because there was nothing to be denied or explained at some other time, counsel for the plaintiff, without asking the witness any questions, made the same offer of proof under G. L. c. 233, § 23, as bearing on the credibility of the witness, stating that if it was excluded he must save an exception. After the jury returned to the court room, counsel asked whether his offer had been excluded and the judge said "Yes." We assume that an exception was saved to the exclusion of the offered evidence, but there is nothing in the record to justify a contention that an exception was saved to each of the statements of the judge in the conference with counsel.

The plaintiff contends that by this ruling she was wrongfully deprived of the right to make any inquiries of the witness concerning previous inconsistent statements made by him. If it were assumed that the record justifies that contention, we should be constrained to hold, under G. L. c. 231, § 132, that the error had not injuriously affected the substantial rights of the plaintiff because, upon her own testimony, she failed to exercise any care for her own safety, and she would have no right to recover damages upon a new trial. But the ruling does not support the plaintiff's contention. It was made to the offer of proof as a whole and did not deprive counsel of the right, if he complied with the terms of the statute, to ask the witness as to any specific previous statement made by him inconsistent with his present testimony. If counsel for the plaintiff desired to lay the foundation for the introduction of inconsistent statements under the statute, it was his duty to direct the attention of the witness to the specific evidence he desired to contradict, and to question him respecting only such previous statements as were inconsistent with that evidence, and to comply in other respects with the terms of the statute in making the inquiry. A party who might thus be entitled to put in a previous inconsistent statement cannot thereby gain the right to put in other previous statements of the witness which are not inconsistent with what he has said on the stand.

The plaintiff had not gone far enough with the witness to show that inquiries concerning the whole of the offered evidence were competent as being inconsistent with the testimony he had given. The offer to prove what the witness previously had said related in part to facts concerning which he had given no testimony. One or more matters included in the offer related to facts concerning which the witness had given evidence and might have been made competent if the proper foundation had been laid in accordance with the statute and they had been offered to affect specific evidence then in the case; but the offer having been made of the evidence as a whole, the judge was justified in ruling upon it as a whole. If counsel had asked the witness specifically about his alleged inconsistent statements as to speed, or as to seeing the plaintiff for the first time when she was three feet from the car, and had in other respects complied with the terms of the statute relating to such evidence, and the witness had denied making the statements, the foundation would have been laid for offering evidence to prove them.

After the judge had ruled on the offer of proof, the examination of the witness was resumed. Much of his testimony inconsistent with the statements contained in the offer of proof was introduced by the plaintiff after the offer was made. The attention of the witness was not then, or at any time, directed to the circumstances designating the particular occasion when the alleged inconsistent statements were made. He was not asked whether he made them or given an opportunity to explain them, as required by G. L. c. 233, § 23. If the witness, after giving testimony which the previous statements would tend to contradict, admitted that he made the statement, there would be no reason for offering further evidence to prove them. If he said that he did not remember whether he made them or not, the plaintiff could not introduce such statements in evidence through other witnesses called by her. They could have been thus put in evidence only if inconsistent with the testimony of the witness on a material matter and only if he denied having made them when his attention was directed to them, as

required by statute. *Ryerson* v. *Abington,* 102 Mass. 526, 530. *First National Bank of Chelsea* v. *Goodsell,* 107 Mass. 149, 153. *Crawford* v. *Weston,* 131 Mass. 283, 288. *Commonwealth* v. *Moinehan,* 140 Mass. 463. *Corsick* v. *Boston Elevated Railway,* 218 Mass. 144. *Bloustein* v. *Shindler,* 235 Mass. 440. *Bilodeau* v. *Leominster Street Railway,* 236 Mass. 526, 540.

*Exceptions overruled.*