ANNA OUELLETTE *vs.* ELDRED CHAPMAN.

ELMINA OUELLETTE *vs.* SAME.

OLIVA OUELLETTE *vs.* SAME.

Bristol.　October 23, 1933. — November 6, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Evidence,* Competency, Corroborative.

Where, in cross-examination of a witness for the plaintiff at the trial of an action, the witness was questioned as to what he had said at an interview with a representative of the defendant previous to the trial, at which interview the witness signed a statement which the defendant did not offer in evidence, there was no error in the subsequent exclusion of the entire statement when it was offered by the plaintiff's counsel for the purpose of showing that, taken as a whole and read together, it would not contradict the witness, that his testi-

mony was "simply the testimony of the statement in the paper" and that the statement as a whole would corroborate his testimony, the defendant's counsel having expressly disclaimed any purpose to contend that the testimony of the witness was a recent fabrication.

THREE ACTIONS OF TORT. Writs dated February 28, 1928.

The actions were tried together in the Superior Court before *Hanify*, J. There was a verdict for the defendant in each action. The plaintiffs alleged exceptions. They argued in this court only the exception described in the opinion.

The case was submitted on briefs.

*H. W. Radovsky & I. H. Simon*, for the plaintiffs.

*H. F. Hathaway*, for the defendant.

RUGG, C.J. These are actions of tort to recover compensation for personal injuries and property damage arising out of a collision between automobiles on a public way. The cases were submitted to a jury and verdicts returned in favor of the defendant.

A witness riding in one of the automobiles, called by the plaintiffs, testified as to the collision. He was examined at length in chief. On cross-examination it appeared that at an interview with a representative of the defendant shortly after the accident the witness had signed a statement concerning the collision after it had been interpreted to him by his daughter. The witness was then asked several questions concerning what he said at that interview. In answer he denied making some statements embodied in the questions, could not remember making others, and said that he did make two statements embodied in the questions. The paper was not then offered in evidence. The two statements which the witness admitted making did not contradict any of his testimony, so far as disclosed by the record. Thereafter plaintiffs' counsel offered the entire written statement for the purpose of showing that taken as a whole and read together it would not contradict the witness. Any purpose to contend that the testimony of the witness given in court was a recent fabrication was expressly disclaimed by the defendant. The purpose of the plaintiffs was to show that the testimony of the witness as given in court was "simply

the testimony of the statement in the paper," and that the statement as a whole would corroborate the testimony of the witness.

The written statement could not rightly be introduced to corroborate the sworn testimony of the witness given in court. *Commonwealth* v. *Tucker*, 189 Mass. 457, 479–485. Disavowal by the defendant of intent to argue that the testimony was a recent contrivance rendered inapplicable the exception to the general rule explained in *Commonwealth* v. *Retkovitz*, 222 Mass. 245, 250. The case falls within the general rule. *Renwick* v. *Eastern Massachusetts Street Railway*, 275 Mass. 145, 148.

*Exceptions overruled.*