Lee F. Kavanaugh *vs.* N. John Colombo.

John Kavanaugh *vs.* Same.

Middlesex.　October 3, 1939. — November 28, 1939.

Present: Field, C.J., Lummus, Qua, Dolan, & Cox, JJ.

*Witness*, Contradiction. *Evidence*, Competency.

Although one sentence in a written statement by a witness was admissible under G. L. (Ter. Ed.) c. 233, § 23, to contradict certain testimony given by him, it was proper to exclude the statement when offered in evidence as a whole, since the rest of it did not relate to the subject matter of such testimony and sentence and was not admissible though pertinent to the case and substantially similar to other testimony by the witness.

Two actions of tort. Writs in the District Court of Marlborough dated May 26, 1938, and June 22, 1938.

Upon removal to the Superior Court, the actions were tried together before *Brogna,* J. There were verdicts for the defendant. The plaintiffs alleged exceptions.

*R. H. Lee*, for the plaintiffs.

*C. R. Flood*, (*J. H. Gilbride* with him,) for the defendant.

Cox, J. These are two actions of tort arising out of the collision of two automobiles, one driven by Lee F. Kavanaugh, and the other by the defendant. In the first case, damages are sought by said Kavanaugh, through his father as next friend, for personal injuries, and for property damage to his automobile. In the other case the father seeks to recover for his alleged consequential damages resulting from the injury to his son. The only question relates to the exclusion of evidence.

At the trial, a witness called by the plaintiffs was asked on direct examination if he heard the defendant make a state-

ment to a police officer at the scene of the accident. He replied that he did, and that the defendant told the officer that he (the defendant) was not travelling very fast. He was then asked what else the defendant said and replied, "That is all." He was then asked if he had made a statement the day following the accident, and replied that he had. A written statement was then shown to the witness and examined by him. He testified that the signature upon it was his. The statement contains a description of what the witness saw immediately after the collision, describes what the witness and the defendant did by way of taking Kavanaugh from his automobile, Kavanaugh's condition and appearance, and also that "I heard Dr. Colombo [the defendant] tell the police he wasn't travelling very fast but *he* caught Kav. near the rear rt. wheel and sent him spinning." The witness was asked to explain why his account of the defendant's statement as given in writing was different from his testimony, and he replied that the word "he" in the second place where it occurs in the quoted sentence was not put in by him but was added without his knowledge. The plaintiffs then offered the statement in evidence, and, upon objection of the defendant, it was excluded. The plaintiffs excepted and the statement was marked for identification and as an offer of proof. Thereafter in the course of the redirect examination of the witness he testified: "I heard the doctor tell the police officer he wasn't traveling very fast. Of course he explained he caught him in the rear and sent him spinning." No part of the statement was read to the jury. Except for the quoted sentence, the statement offered was essentially the same as the testimony of the witness. The jury returned verdicts for the defendant.

G. L. (Ter. Ed.) c. 233, § 23, provides that "The party who produces a witness shall not impeach his credit by evidence of bad character, but may contradict him by other evidence, and may also prove that he has made at other times statements inconsistent with his present testimony; but before proof of such inconsistent statements is given, the circumstances thereof sufficient to designate the particular occasion shall be mentioned to the witness, and he shall

be asked if he has made such statements, and, if so, shall be allowed to explain them." No question is raised respecting compliance with the conditions of the statute as to the circumstances of the occasion when the statement was made, and it appears that the witness was given an opportunity to explain. The statute in question, in so far as it is involved in the case at bar, is substantially the same as St. 1869, c. 425, which was the first statute enacted in this Commonwealth upon the subject matter. The testimony that it is proposed to contradict must have been material to the issue on trial. *Force* v. *Martin*, 122 Mass. 5. *Batchelder* v. *Batchelder*, 139 Mass. 1. *Gorham* v. *Moor*, 197 Mass. 522, 525, and cases cited. *Slotnick* v. *Silberstein*, 221 Mass. 59, 62. *Cook* v. *Farnum*, 258 Mass. 145. But the contradiction has no legal tendency as affirmative or independent evidence to establish the truth of the subject matter of the contradicting statement. *Batchelder* v. *Batchelder*, 139 Mass. 1. *Donaldson* v. *New York, New Haven & Hartford Railroad*, 188 Mass. 484, 486. *Commonwealth* v. *Turner*, 224 Mass. 229, 237.

In our opinion the hereinbefore quoted sentence amounted to a contradiction of the witness and as such was admissible at the time it was offered, but it does not follow from this that there was error in excluding the statement which was offered as a whole. In the case of *Ryerson* v. *Abington*, 102 Mass. 526, in speaking of St. 1869, c. 425, the predecessor of the present statute, Gray, J. said, at page 531: "So great a change in the rules of evidence, giving so extensive a power to a party to introduce proof in contradiction and disparagement of a witness put on the stand by himself, uncontrolled by the discretion of the judge before whom the trial is had, must be kept strictly within the bounds of the statute . . . ." The statement of the witness was admissible only in so far as it tended to contradict his testimony at the trial. *Herlihy* v. *New York, New Haven & Hartford Railroad*, 227 Mass. 168, 172–173. *Cook* v. *Farnum*, 258 Mass. 145, 147. See *Grebenstein* v. *Stone & Webster Engineering Corp.* 205 Mass. 431, 438, 439; *Jewett* v. *Boston Elevated Railway*, 219 Mass. 528, 532, 533; *Ouellette* v. *Chapman*, 284 Mass. 363. Com-

pare *Sullivan* v. *Morse*, 271 Mass. 501. From an examination of the statement it is apparent that it contains matters that in no way related to what the defendant may have said to the police officer, as well as descriptions of the condition of Kavanaugh that were inadmissible in the form in which offered. The statement as a whole was inadmissible and the fact that the witness's testimony was essentially the same does not change this. His testimony could not be corroborated in this manner. *Ouellette* v. *Chapman*, 284 Mass. 363, 365. The case at bar is distinguishable from *Hoxie* v. *Hall*, 297 Mass. 80, 81.

The plaintiffs suggest that the entire statement should have been admitted to enable the jury to determine whether it had been altered by the addition of the word "he." It is apparent from the record that the body of the statement was written by some one other than the witness, and there is nothing in it to indicate that anything had ever been changed or added. The contention of the witness was that the word "he" had been added. There was no criticism of any other part of the statement. If the quoted sentence had been admitted, the plaintiffs would have had all to which they were entitled. The entire statement was not admissible for the purpose contended for by the plaintiffs.

We have preferred to rest our decision upon the grounds already stated, although there is force in the contention of the defendant that in any event there was no reversible error. See G. L. (Ter. Ed.) c. 231, § 132. The inference is warranted from the testimony of the witness, without reference to the statement, that he did not see the collision. Whether the quoted sentence contains the second "he" or not, the meaning is that the witness heard the defendant say he was not travelling very fast but caught Kavanaugh near the right rear wheel and sent him spinning. The witness later testified, as already appears, when asked to tell what he heard the defendant say: "I heard the doctor tell the police officer he wasn't traveling very fast. Of course he explained he caught him in the rear and sent him spinning." It is a fair question whether there was such a complete denial on the part of the witness as to make any part

of the statement competent. As was said in *Cook* v. *Farnum,*
258 Mass. 145, at page 148: "If the witness, after giving
testimony which the previous statements would tend to
contradict, admitted that he made the statement, there
would be no reason for offering further evidence to prove
them." Compare *Stowe* v. *Mason,* 289 Mass. 577, 582.

In our opinion there was no error.

*Exceptions· overruled.*