### HARRY KLEIN *vs.* JOSEPH J. KERESEY.

Berkshire.    September 17, 1940. — October 29, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Witness*, Contradiction.    *Horse. Negligence*, Contributory; Employer's
liability: horse.    *Practice, Civil*, Requests, rulings and instructions.

A party calling his adversary as a witness cannot as of right contradict
his testimony on an immaterial matter.

A trial judge properly refused to grant requests for rulings as to the bear-
ing on a main issue of a part only of the evidence relating thereto.

Whether a workman was contributorily negligent in handling a horse of
his employer which he knew had certain unsafe characteristics, re-
mained a question of fact even if the employer had assured him that
the horse was safe for the work.

The mere fact, that a horse attached to a mowing machine started to run
away without any apparent reason therefor, was not evidence of negli-
gence of the owner of the horse and machine toward an employee in
charge of them.

TORT.    Writ in the Superior Court dated July 10, 1936.

The declaration was in two counts.    In the first count
the plaintiff alleged in substance that, while employed by
the defendant, who was not insured under the workmen's
compensation act, he sustained personal injuries by being
cut by a mowing machine of the defendant which, as the
defendant knew or should have known, was defective and
in a dangerous state of disrepair; that the injuries were
"further occasioned by the actions of a horse or horses of
the defendant" attached to the mowing machine which, as
the defendant knew or should have known, "were vicious,
untrained and wholly unsuited for that type of work";
and that the plaintiff, inexperienced, was insufficiently in-
structed as to the dangerous character of his work.    In the
second count the plaintiff relied on negligence of a fellow
employee in failing properly to instruct him.

The action was tried before *Broadhurst*, J.

*H. Klein, pro se.*

*F. J. Quirico, (J. Fallon* with him,) for the defendant.

Cox, J. The plaintiff, admittedly in the employ of the defendant on the latter's farm, was seriously injured when a pair of horses attached to a mowing machine that he was driving ran away. He was mowing a field, following at some distance another machine operated by another of the defendant's employees. At a signal from the latter, the plaintiff stopped, left his horses and walked forward to a nest of eggs in the grass where the other employee was standing. Thereafter, as the plaintiff was walking back to his horses, he saw one of them, a bay, jump. He took hold of the bridle, the horses ran in the direction of the other machine, the plaintiff with them, he fell and was caught in the cutter bar of the other machine. The horses attached to this machine started, and the plaintiff was injured.

In this action of tort the jury returned a verdict for the defendant. The plaintiff's exceptions are to the striking out of certain evidence and to the alleged refusal of the trial judge to give nine requests for rulings.

The defendant, who was called as a witness by the plaintiff (G. L. [Ter. Ed.] c. 233, § 22), was asked about a conversation with one Drum, and testified that he did not say to him, "That horse that I sold you wasn't a bad one, was he?" and that he did not hear Drum reply, "that horse that I did buy acted up." He further testified that he did not sell a horse to Drum. Drum testified that the defendant said to him, "That wasn't a very bad horse was it?" and that he replied, "He ran away with me several times, or tried to run"; that he never bought a bay horse from the defendant or had any dealings with him whatsoever, but that he did trade for a bay horse that came from the defendant's "place." This evidence was struck out.

Under the statute a party who produces a witness may contradict him by other evidence, and may also prove that he has made at other times statements inconsistent with his present testimony. G. L. (Ter. Ed.) c. 233, § 23. "It has been considered that . . . [this statute] was broad enough to include an adversary party under the word 'witness' when called to testify. . . . The word 'witness' naturally includes every person called to testify." *Horneman* v.

*Brown,* 286 Mass. 65, 70. But the testimony that it is proposed to contradict must have been material to the issue on trial. *Kavanaugh* v. *Colombo,* 304 Mass. 379, 381, and cases cited. Difficulties with the plaintiff's contention that the excluded evidence was competent are, as pointed out by the trial judge, that it did not appear that Drum ever bought a horse from the defendant, or that the bay horse, for which he traded, was the horse that the plaintiff was driving. In these circumstances, if there was any contradiction, the inquiry was as to an immaterial matter, and the evidence was properly excluded. *Gorham* v. *Moor,* 197 Mass. 522, 525.

The plaintiff excepted to the alleged refusal of the trial judge to give the following requests: "1. If the plaintiff was hired to and did work principally as a carpenter's helper or handy man in building the barn, he was not a 'farm laborer' within the meaning of the workmen's compensation act. 2. If the plaintiff had only on one or two occasions prior to the day of the accident done any mowing or haying for the defendant, he was not thereby placed in the class of a 'farm laborer.'" "5. There is no evidence of any new contract entered into between the plaintiff and the defendant relative to the mowing activities as distinct from the work on the barn. 6. If there was no new contract entered into between the plaintiff and the defendant, there is no contractual assumption by the plaintiff of the ordinary risks involved in the handling of a mowing machine." The plaintiff testified that in April, 1934, when he was hired by the defendant, the only work that was talked about was that of helping to build a new barn on the defendant's premises, and that he commenced work about May 1, 1934, on the "barn job," doing ordinary construction work at a wage of forty cents an hour. He admitted, however, and there was no evidence in any way affecting the force of the admission, that on two afternoons in July he helped in the work of getting in hay, and that he worked with the mowing machine on the July morning when he was injured. The defendant testified that the plaintiff asked him for a "job" on the building and that

he replied that the carpenters would need some help and that after that job there would be a month of haying, and "Then it will be time to get our corn in to fill the silos"; that the plaintiff said he would be very glad to have the "job"; that about the first of July the barn was practically finished and that the plaintiff, before he was injured, had worked on the hay for a week or ten days. The judge was not required to instruct the jury as to what might be the effect of a part of the evidence taken separately when it was accompanied and connected with other evidence tending to establish a main issue. *Green* v. *Boston & Lowell Railroad*, 128 Mass. 221, 227. *Nicholson* v. *Feindel*, 219 Mass. 490, 494. *Boston* v. *Fountain*, 267 Mass. 196, 200. *Liggett Drug Co. Inc.* v. *License Commissioners of North Adams*, 296 Mass. 41, 54.

The defendant was not a subscriber under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, and one issue in the case was whether the plaintiff was a farm laborer under § 67 of said chapter. If he was not, then, in accordance with § 66 of said chapter, inasmuch as the defendant was not insured, it would not be a defence to the plaintiff's action that, among other things, the plaintiff was negligent or that he had assumed the risk of injury. It appears from the bill of exceptions that the judge instructed the jury upon this issue, and the question was squarely presented whether the plaintiff was a farm laborer. See *Rowley* v. *Ellis*, 197 Mass. 391; *Keaney's Case*, 217 Mass. 5; *White's Case*, 226 Mass. 517, 520; *Peterson* v. *Farmers State Bank of Eyota*, 180 Minn. 40; *Coleman* v. *Bartholomew*, 175 App. Div. (N. Y.) 122; *Miller & Lux Inc.* v. *Industrial Accident Commission*, 179 Cal. 764. No exceptions were taken to the charge. We are of opinion that enough was said to enable the jury to understand the law applicable to this branch of the case, and that in view of the conflicting evidence there was no error in the refusal to give the requests now under consideration. *Hicks* v. *New York, New Haven & Hartford Railroad*, 164 Mass. 424, 428.

The judge was not required to give the tenth and twenty-third requests, as there was no evidence to support them.

The fifteenth and sixteenth requests were rightly denied.[1] Even if we assume that there was evidence of any assurance or advice of the defendant to the plaintiff in relation to the horses he was driving, nevertheless the right to rely thereon is not absolute, and there is nothing in the facts in the case at bar to take it out of the general rule that an assurance of safety, in the absence of unusual circumstances, renders the care of the workmen relying upon it a question of fact. *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407, 409. *McKee* v. *Tourtellotte*, 167 Mass. 69, 71. *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322, 326, 327. *Thompson* v. *United Laboratories Co.* 221 Mass. 276, 280. There was no error in the denial of the twenty-fifth request, in substance, that if the horses started to run away without any apparent reason therefor, this was evidence of lack of fitness for "that" type of work and of the negligence of the defendant. By its terms it is in conflict with the rule established in this class of cases. *Webber* v. *McDonnell*, 254 Mass. 387, 389, and cases cited. *Greeley* v. *Jameson*, 265 Mass. 465. *Foley* v. *O'Flynn*, 288 Mass. 504. Compare *Walker* v. *Nickerson*, 291 Mass. 522, 526. The judge adequately instructed the jury on the possible question of the defendant's negligence.

*Exceptions overruled.*

---

[1] The fifteenth and sixteenth requests were as follows: "15. If the plaintiff knew that the bay horse or any of the horses had certain unsafe characteristics, he was not contributorily negligent if the defendant assured him that the horse or horses were safe to work with. 16. If the defendant were an experienced handler and dealer in horses, the plaintiff had the right to rely on the advice or direction of the defendant in relation to the horses involved." — REPORTER.