THEODORE GOODNEY, administrator, *vs.* CAROL A. SMITH & others.

Worcester.    October 10, 1968. — December 2, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Evidence,* Contradiction of witness, Admissions and confessions, General objection to admission of evidence.

At the trial of a suit in equity against an operator of an automobile insured under a motor vehicle liability policy and against the insured owner and the insurer, to reach and apply the insurer's obligation in satisfaction of an unpaid judgment against the operator for causing the death of the plaintiff's decedent through being struck by the automobile, where it appeared that the owner had given his son permission to use the automobile on the evening of the accident but had not expressly permitted or forbidden anyone else to operate it, and the insurer called the operator as a witness and she testified that the owner's son had permitted her to take the automobile but identified and explained a written statement which was signed by her at a police station after the accident relative to her possession of the automobile

and which contained no reference to her having been given permission to operate it by the son, it was prejudicial error to exclude the statement upon the plaintiff's general objection when it was offered by the insurer, both because it was admissible under G. L. c. 233, § 23, as affecting the credibility of the witness and as an admission by her constituting substantive evidence on the issue of the son's consenting to her operation.

BILL IN EQUITY filed in the Superior Court on July 14, 1966.

The suit was heard by *Meagher*, J.

*John B. Killilea* (*Richard K. Hadden* with him) for the insurer.

*Walter J. Griffin* (*John K. McGuire* with him) for the plaintiff.

SPIEGEL, J. This is a suit in equity under G. L. c. 214, § 3 (10), to reach and apply the obligation of an insurance company to a judgment debtor, the defendant Carol A. Smith, under a motor vehicle liability policy issued by the defendant National Union Fire Insurance Company (insurer) to the defendant Francis Flanagan. The trial judge made findings and a decree was entered ordering the insurer to pay the plaintiff on account of said judgment the sum of $10,000 plus interest and costs, and to pay the defendant Smith the sum of $1,330.[1] The latter sum includes $1,250 for the "reasonable value" of services rendered by her attorneys in defence of the action which resulted in the judgment against her and $80 which she expended in hiring "a baby sitter each time she appeared" in court. The insurer appealed from this decree. The insurer also claims error in the exclusion from evidence of a written statement given by Smith. The evidence is reported.

We summarize the findings of the judge. The defendant Francis Flanagan was the owner of an automobile insured by the insurer. On February 21, 1962, he gave his son Paul permission to use the automobile. During the evening Paul and the defendant Smith traveled in the automobile

[1] In her answer the judgment debtor filed a counterclaim against the insurer.

to the Peacock Lounge in Auburn. When Smith was denied admission to the Lounge because of her age, Paul told her to take his automobile and drive it back to Worcester. Smith "took the car and on her way back to Worcester struck the deceased . . . who was injured and died as a consequence of the injuries." The plaintiff recovered a judgment, and "execution issued" against Smith. This execution has not been satisfied. Francis Flanagan did not expressly give permission to Smith to operate the automobile, but he did not prohibit his son Paul from permitting anyone else to operate the automobile. The judge ruled that because Paul had permitted Smith to operate the automobile, Smith had the implied permission of Francis Flanagan to do so.

At the trial Smith was called as a witness by the insurer. She testified that Paul Flanagan had given her the automobile and had told her to take it back to Worcester. She further testified that on the night of the accident while at the Worcester Police Department she had signed a written statement relative to her possession of the automobile.[2] She identified the statement which was then offered. The plaintiff objected on the grounds that "some statutory foundation" was necessary and that the witness had not been "proved hostile as yet." The witness was asked to "explain to the Court . . . [her] reason for signing the statement." She stated that "I was scared and I didn't have an attorney and I wanted to protect the Flanagan boy and I didn't care about myself because I was alone." The statement was again offered. The plaintiff again objected to its admission, this time because of another statement the

---

[2] According to the written statement Smith and a girl friend, after having been refused admission to the Lounge, "saw one of the boys (the driver) named Paul Flannagan [*sic.*], and he said that he would not take us back to Worcester. Then we walked out into the parking lot where the car was, and then got back into the car and tried to figure a way to get back to Worcester. We then walked to the street to see if we could get a bus . . . . There were no buses, so we returned to the car. I said to my girl friend 'We have got to get home.' I asked my girl friend for her keys to see if we could start the car. The switch was open so I started it up. We headed back for Worcester." The statement contained no reference to her having been given permission by Paul to operate the automobile.

witness had given the police at another time. The statement
was excluded subject to the insurer's exception.

Under G. L. (Ter. Ed.) c. 233, § 23, a party who produces
a witness may "prove that . . . [the witness] has made at
other times statements inconsistent with his present testi-
mony; but before proof of such inconsistent statements is
given, the circumstances thereof sufficient to designate the
particular occasion shall be mentioned to the witness, and he
shall be asked if he has made such statements, and, if so,
shall be allowed to explain them." Here the time, place and
content of the prior statement were mentioned to the
witness; she was shown the statement which she identified
and was given the opportunity to explain the statement.
Having complied with the requirements of § 23, the insurer
was entitled at that time to have the statement admitted in
so far as it affected the credibility of Smith. See *Kavanaugh
v. Colombo*, 304 Mass. 379, 381. That Smith was also a
party does not cause § 23 to be inapplicable. *Horneman* v.
*Brown*, 286 Mass. 65, 69–70. *Klein* v. *Keresey*, 307 Mass. 51,
52. The "hostility" of the witness and the absence of other
prior statements are not prerequisites to the admission of a
statement under § 23.

Furthermore, the objection to the admission of the
statement was a general one and was not limited. See
*Salonen* v. *Paananen*, 320 Mass. 568, 575; *Thompson* v. ·
*Beliauskas*, 341 Mass. 95, 96–97. The statement constituted
an admission by Smith and as such was admissible as sub-
stantive evidence relative to the question of whether she had
the consent of Paul Flanagan to operate the automobile.
See *Langan* v. *Pianowski*, 307 Mass. 149, 152. Its exclusion
was prejudicial error.

*Decree reversed with costs of appeal.*