ANGELINE CATANIA *vs.* EMERSON CLEANERS, INC.

Barnstable.    May 1, 1972. — July 25, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Evidence,* Impeachment of witness' credibility, Record of past knowledge. *Practice, Civil,* Change of ruling. *Error.* Whether error harmful.

At the trial of an action for personal injuries more than four years after the accident in which they were sustained, a written statement of a witness made approximately eight months after the accident and containing inconsistencies with his trial testimony was admissible to impeach his credibility and as a record of his past knowledge [389–390]; and action by the trial judge in withdrawing the statement from the jury at the close of the evidence after it had been admitted in evidence and marked as an exhibit constituted prejudicial error, particularly in view of material in the statement counter to persuasive evidence at the trial [390].

TORT. Writ in the Superior Court dated August 8, 1967.

Following transfer to the First District Court of Barnstable and retransfer to the Superior Court, the action was tried before *Spring,* J.

*Christopher H. Worthington* for the plaintiff.

*John J. Harrington* for the defendant.

REARDON, J. In this action of tort the plaintiff claims injuries sustained in a fall on the defendant's premises in 1966. Her declaration alleges the defendant's negligence in failing to warn her of a dangerous condition located in an area where she was present as a business invitee. The case was first tried in a District Court upon a transfer under G. L. c. 231, § 102C, and there was a decision for the defendant. This decision was introduced in evidence at a Superior Court trial upon a retransfer, together with the District Court judge's memorandum of findings of fact. The admission in evidence of this memorandum was improper. See § 102C. The plaintiff has alleged two exceptions relating to the exclusion from evidence at the Superior Court trial of a signed statement of the defendant's co-manager, who was a witness to the accident. The co-manager gave the statement approximately eight months after the accident. The case was tried in the Superior Court more than four years after the accident. Without detailing them, it can be stated that there were inconsistencies between such statement and the testimony of the co-manager at the Superior Court trial. He agreed that his

memory was better at the time he gave the statement than it was at the trial, and that his true recollection was recorded in the statement. We think that the statement was admissible to impeach the co-manager's credibility (*Wheeler* v. *Howes*, 337 Mass. 425), and also as a past recollection recorded. *Fisher* v. *Swartz*, 333 Mass. 265, which contains a full discussion of "past recollection recorded."

The statement was at first excluded, but was later admitted and marked as an exhibit. However, after the close of the evidence, the statement was retracted as an exhibit by the judge and therefore was not shown or read to the jury. This action by the judge constituted prejudicial error. While a judge has a right to vary his rulings at any time prior to the closing of a trial, such variance must take place in such a manner as not to cause harm to a party. *Ferris* v. *Ray Taxi Serv. Co.* 259 Mass. 401, 405. *Crowley* v. *Swanson*, 283 Mass. 82, 85. It appears that the withholding of the exhibit in this instance would cause such harm, particularly in view of the decision of the District Court judge and a memorandum which was the basis of that decision. It appears also that the District Court judge found that there was no invitation extended by the defendant to the plaintiff to enter the area where she was injured, while the excluded statement contained material to the effect that the co-manager did not know whether he invited the plaintiff to come with him or not but knew she was with him when he entered the area. See *Goodney* v. *Smith*, 354 Mass. 734, 737.

*Exceptions sustained.*