Susan RIDGE, ET AL
v.
TOWN TAXI, INC.

No. 18088

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

February 12, 1981

Jerril Krowen for the plaintiff.
Frank J. Mazzio, Jr., Hugh L. O'Brien for the defendant.

### RULING, ORDER AND MEMORANDUM OF DECISION ON THE MOTION OF PLAINTIFFS FOR LEAVE TO INTRODUCE FINDINGS OF FACT, RULINGS OF LAW AND JUDGMENT AS PRIMA FACIE EVIDENCE

**GARRITY, J.** The above Motion is ORDERED denied for the following reasons: G.L. c. 231, §102C provides, in pertinent part:

The decision, and the amount of damages assessed, if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings, and no other findings of such court shall be at any time be admissible as evidence or become part of the pleadings.

The Supreme Judicial Court has summarily treated this provision as making admissible only the ultimate decision and none of the subsidiary findings of fact or a memorandum opinion. **Catanea v. Emerson Cleaners, Inc.,** 362 Mass. 388, 389 (1972). **Adams, Harkness & Hill, Inc. v. Northeast Realty Corp.,** 361 Mass. 552, 555 (1972).

In **Catanea,** the Court, noting that the district court had entered a decision for the defendant, stated:

This decision was introduced in evidence at a Superior Court trial upon a retransfer, together with the District Court judge's memorandum of findings of fact. The admission in evidence of this memorandum was improper. See, §102C.

**Catanea v. Emerson Cleaners, Inc.,** 362 Mass. at 389. In the same abrupt manner,

in **Adams,** the Court noted:

> [O]nly the ultimate decision of the Municipal Court judge (in this case, $1,057.50 for Northeast) and none of his subsidiary findings, is admissible in the Superior Court retrial. ...

**Adams, Harkness & Hall Inc. v. Northeast Realty, Corp.,** 361 Mass. at 555-556. Although never stated, the rationale would appear to be that a party is entitled to an independent determination of the facts upon retrial. The evidence at retrial may be different, testimony slightly altered, and the retrier of fact ought not be influenced by findings based on different evidence. Therefore, under the statute, only the ultimate decision and the amount of damages is admissible.

<div align="right">

Paul Garrity
Justice of the Superior Court