Ruffin, C. J.
 

 This is an action on a covenant of soundness in a bill of sale of a female slave, alleging as a breach, that, at the time of the sale, she had syphilis and afterwards died of the disease. The defendant and the slave resided in Macon county and the sale was made there, on the 22d March, 1849. She was then brought by the plaintiff to his residence at Asheville, a distance of 75 miles, and died there the next August.
 

 The plaintiff offered a witness, who was not a physician, to prove, that,> in the spring of 1849, the slave told him in Asheville, that she then had the disease, and also that she
 
 *486
 
 had it before the plaintiff purchased. But, on objection, the court refused to admit the evidence.
 

 The plaintiff then offered another witness, who was not a physician, to prove, that, soon after the plaintiff’s purchase, he examined the woman at Asheville, and that he was of opinion she then had the disease. But, on objection, the Court also refused to admit the evidence. Then the plaintiff called physicians, who attended the woman in the latter part of her life, and they deposed that she died of syphilis, which bad reached its secondary stage, and produced ulcers in the throat, and in their opinion might have existed for several weeks and probably for two or three months; that while attending her, in answer to their inquiries the woman stated her symptoms as to her pains, and their locality, and they were satisfied as to the nature of the disease, and that it produced her death. The plaintiff offered further to prove by them, that she also told them, that she had been so diseased and laboring under the same symptoms, before the sale to the plaintiff. Bu.t. on objection, the court refused to admit the last evidence. The defendant then offered to prove by the physicians, that, during the spring and summer of 1849, they found in their practice, that syphilis was prevalent in Asheville, and the Court, after objection, admitted the evidence. The defendant offered as witnesses two physicians, who resided near the defendant in Macon County, and they stated that they had repeatedly known the disease to prevail there, but they had -no recollection of any case at or about the time the slave was carried from there. This evidence was objected to by the plaintiff, but was admitted by the Court. The jury found a verdict for the defendant, and the plaintiff appealed from the judgment.
 

 The opinions of persons, who are not physicians, were not competent. In general witnesses must speak to facts and are not to be heard as to their opinions. As an ex
 
 *487
 
 ception it is established, that persons practising a, profession, or exercising a trade, may deliver their opinions to the jury as evidence on questions of science or art belonging to their vocation. The effort of the plaintiff is to make the exception take the place of the general rule. But it must fail. The declarations of the woman, as to her sufferings and condition at any particular time, are also evidence of her state, at the time she made them. It is natural evidence upon those points, as her appearance, seeming agony of body, and other physical exhibitions would be.
 
 Roulhac
 
 v.
 
 White,
 
 9 Ire. 63,
 
 Biles
 
 v.
 
 Holmes,
 
 11 Ire, 16. The ground of receiving those declarations is, that they are reasonable and natural evidence of the true situation and feelings of the person for the time being. But, in reference to the past periods, they have no such claim to confidence, as they are manifestly, to that purpose, but the narrative of one not on oath. The physicians might probably give their opinion, and did give it, how long she had been infected with this malady, because their opinion would be founded on the known progress of the disease to its different stages at various periods, and the appearance of the patient during the course of iheir attendance. But the account given by her, as to previous symptoms and their origin and duration, would not influence the mind of the physician upon the question, as one of science, but would be acted on by him, only in proportion to the belief of its truth, either from his confidence in the narrator or from its coincidence with his judgment on that point, formed from the existing stage of the malady.
 

 The narration, therefore, was clearly improper to be submitted to the jury, as tending to establish that her condition, at the time, to which the narrative refers, was in fact such as she subsequently described it. Though extremely slight evidence, that the woman had not contracted her
 
 *488
 
 disease before the sale, and did so afterwards, yet it was evidence having that tendancy, that the disease was not known by the practitioners of medicine in the part of the country, where she was sold, to have existed there about that period, and was known by the gentlemen of the same profession to have existed about the place, to which she was carried. From the nature of the malady and the usual mode of contracting it, and the physical propensities and common moral feelings and habits of persons in the condition of this woman, the evidence afforded some aid to the jury in establishing- the probable period, when she became infected.
 

 Pee Cueiam. Judgment affirmed.