SOLOMON SLOTNICK *vs.* PHILIP SILBERSTEIN & trustee.

Suffolk.   March 4, 1915. — May 19, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Witness*, Impeachment.   *Evidence*, Dictated letter.   *Letter*.

Where in an action of contract, in which the evidence upon the single issue being tried is conflicting, and the defendant, in seeking to discredit a witness who has testified in support of the plaintiff's theory of the case, offers in evidence a letter purporting to have been dictated by the witness which is typewritten on paper with the heading of the witness's firm and is signed in typewriting in the name of the witness, in which the writer of the letter makes a strong demand inconsistent with the plaintiff's contention as supported by the witness and in accordance with the defendant's contention, if the witness when shown the letter denies "that he dictated or authorized or knew of this letter until two days after it was sent," and the bookkeeper of the witness's firm, who admittedly wrote out the letter, being called, testifies that he attended to the correspondence of the firm and ran the typewriter and that he was in the habit of signing in typewriting the name of the member of the firm who dictated the letter he was writing, although he denies that the witness dictated or knew of this letter or authorized it in any way before the bookkeeper sent it, but testifies that he cannot understand why he signed it as he did if the witness "did not dictate it," the letter should be admitted in evidence in order that the jury may pass upon the question whether the witness dictated it and, if they find that he did, they may consider it upon the question of the witness's credibility.

PIERCE, J.   The plaintiff under an account annexed seeks to recover of the defendant $350 as a balance due for labor performed and materials furnished.   After offering evidence tending to show that he made a contract personally with the defendant and that the defendant was the real owner of the premises upon which the work was done and the material furnished, he admitted that his books contained a charge solely against Louis Silberstein, in whose name stood the title to the premises; that his receipts for payments on account ran to Louis Silberstein; and that checks received on account were payable to and indorsed by Louis Silberstein to him; but he contended that the manner of bookkeeping and of receipt and bill making was in accordance with a suggestion of the defendant that it be "done that way." It further was admitted that he made out a bill for some extras to Louis, and that he formerly had done jobs for the defendant personally which he conceded were the defendant's own jobs.

The paramount question in this case was whether the credits were knowingly and designedly given to Louis Silberstein. Upon that issue the receipts, the credits, the bill for extras to Louis, the fact that the plaintiff formerly had done jobs for the defendant personally which he admitted were the defendant's own jobs, and the fact that he claimed to have made this contract personally with the defendant, charging the work, as requested by the defendant, to Louis, "were competent and strong evidence, but not conclusive" in the defendant's favor. *James* v. *Spaulding,* 4 Gray, 451. To offset and destroy, if possible, the effect of this testimony and the inference that the jury could draw therefrom, the plaintiff was permitted to offer testimony tending to show that the defendant was the real owner of the premises in question and the buildings thereon. To this end the plaintiff called one Bernard Brooker, who testified that he and his brother Morris were partners, under the firm name of Morris Brooker, in the builders' finish business; that he made a contract with the defendant personally, to furnish certain materials for the building upon the premises in question, upon which there was still owing $1,540. In cross-examination it developed that the above named contract followed a proposal contained in a letter dated November 13, 1912, addressed and sent to Mr. L. Silberstein; that the letter was signed "Morris Brooker per Bernard Brooker;" that it was in the handwriting of a younger brother named Benjamin who was not a member of the firm but was the bookkeeper and the person who attended largely to the correspondence. This letter was written as dictated by Bernard Brooker.

The defendant then offered a letter dated May 31, 1913, addressed and sent to Mr. Louis Silberstein, signed "Morris & Bernard Brooker, (by) Bernard Brooker." This letter demanded in forcible language the payment of a balance of $1,040 claimed to be due on the aforesaid contract. The letter was in typewritten form. Like the previous letter it was written on the firm stationery, with the same heading. It admittedly was written by the same bookkeeper who wrote the former undisputed letter.

When shown this letter, the witness Bernard Brooker denied "that he dictated or authorized or knew of this letter until two days after it was sent." The presiding judge excluded this letter

on the ground that it was not sufficiently shown to have been authorized by the witness, — to which ruling the defendant duly excepted. The defendant then called the bookkeeper who as such wrote both letters and who was still in the employ of the witness. He testified that "he was the bookkeeper of his brothers' firm from June, 1912; that he kept the books, attended to the correspondence and ran the typewriter; that he wrote the letter [proposal] of November 13, 1912, in long hand at the dictation of his brother [the witness] Bernard; that he wrote the letter dated May 31, 1913, in his employers' place and on the employers' typewriter; that he was in the habit of writing, underneath the firm name, that of the partner who dictated the letter, but denied that his brother Bernard dictated, saw or knew of the latter letter or authorized it in any way before he wrote and sent it. He said he could not explain why he put on the words 'Per [by] Bernard Brooker,' if Bernard did not dictate it."

After this testimony the letter again was offered in evidence and was excluded by the presiding judge * on the ground that there was no sufficient evidence of authority of Bernard Brooker to write the letter and sign his name. The defendant again excepted to the ruling.

As bearing upon the single issue in this case the testimony of Bernard Brooker, with the inference that a jury properly might draw therefrom, was of supreme importance. The necessity of breaking its force was obvious; the short and most direct method of so doing was by showing that the acts and conduct of the witness were such as to make it plain that his testimony was manifestly untrue or highly improbable. The letter was excluded because it was not sufficiently proven that the writer had authority to write the letter and to sign the witness's name, or to make any or all of the statements therein contained.

The letter was not offered as the statements of an agent acting within the scope of his authority. It was offered as the dictated word of the speaker, preserved in indisputable form. Nor was there any question of authority, or aught else than the single issue of fact: Did the witness dictate the letter?

The witness and the bookkeeper denied that the letter was dic-

---

* *Bell*, J. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

tated, but the jury, in view of all the circumstances, properly could have found that it was dictated.

The evidence offered by the letter in contradiction of the witness was relevant and material and properly could not have been excluded on the ground that it was a collateral issue; *Commonwealth* v. *Hunt*, 4 Gray, 421; *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594; or "because in the opinion of the presiding judge sufficient proof, if believed, already . . . [had] been introduced to establish the fact to be proved." *Perkins* v. *Rice*, 187 Mass. 28, 31.

The exclusion of the letter of May 31, 1913, was error, and the exception must be sustained.

We find no other error in the exclusion of evidence; and as the rulings were clearly right, no discussion is required.

*Exceptions sustained.*

*E. Greenhood,* for the defendant.
*A. Berenson,* for the plaintiff.