STANLEY KISLOWSKI *vs.* ROMALD MONKIEWICZ.

Middlesex.     October 6, 1941. — November 1, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Witness,* Contradiction.   *Evidence,* Competency.

At the trial of an action where the plaintiff's evidence was that the defendant personally had borrowed $300 from him and had agreed to be responsible also for $40 borrowed by his wife, testimony that the wife had stated to an acquaintance that "we borrow" from the plaintiff "me and my husband . . . about $300" was admissible to contradict testimony by the wife that the plaintiff never lent her $40 and that she never talked with the acquaintance nor told the acquaintance that she owed the plaintiff money.

CONTRACT.   Writ in the Superior Court dated May 27, 1939.

The case was tried before *Good,* J.   There was a verdict for the plaintiff in the sum of $374.   The defendant alleged exceptions.

The case was submitted on briefs.

*A. L. Eno,* for the defendant.

*F. C. Zacharer,* for the plaintiff.

DONAHUE, J.   This action was brought to recover loans of $300 and $40, with interest.   There was a verdict for the plaintiff in the sum of $340, with interest.   Testimony of the plaintiff warranted a finding of the following facts: The plaintiff and the defendant were neighbors, and in January, 1931, the defendant, who needed money to pay for repairs being made to his house, borrowed $300 from the plaintiff.   In March of the year 1933 the defendant's wife came to the plaintiff's home and after a talk with her the plaintiff "let her have $40."   Later, the defendant asked the plaintiff if his wife had borrowed $40 and, on being told that she had, the defendant said in substance that he would pay the plaintiff $340 with interest.   Thereafter the defendant paid the plaintiff interest until 1936.   Since that time

the plaintiff has asked the defendant to pay the loans and the defendant replied that he had no money.

The defendant's wife, who was called as a witness for the defendant, testified on direct examination that she never asked the plaintiff for a loan of $40 and that the plaintiff never lent her that amount. On cross-examination she testified that she knew Catherine Pudaviles but that she never talked with her, never was in her house, never talked about the plaintiff and never told her that she owed him money.

After the defendant had rested his case the plaintiff called Catherine Pudaviles as a witness. She testified that she had known the defendant's wife for eleven or twelve years, that they had visited a few times at each other's home, that about seven or eight years before the trial the defendant's wife came to her house and they had a talk. When the witness was asked what was said the defendant's counsel objected, stating as a reason that the defendant was not present at the time of the conversation. The plaintiff's counsel stated that the evidence was offered to impeach the testimony of the defendant's wife. The judge admitted the testimony for that limited purpose and the defendant's counsel took an exception. This is the only exception presented by the bill of exceptions. The witness testified that the defendant's wife said that they were "going to repair the property" and that "we borrow from him [the plaintiff], me and my husband . . . about $300."

If a witness testifies to a fact that is relevant to an issue in a case, his testimony may be attacked by evidence that he has made contradicting statements. *Perrott* v. *Leahy,* 302 Mass. 318, 322. In order that such statements be competent evidence, it is not necessary that there should be "a contradiction in plain terms." *Foster* v. *Worthing,* 146 Mass. 607, 608. It is enough if the statements "appear to be inconsistent with . . . [the testimony of the witness] at the trial." *Brigham* v. *Clark,* 100 Mass. 430, 432. A party "has the right to contradict a witness called by his opponent not only by statements categorically opposed to his testimony but also by statements the implications of

which 'tend in a different direction from what is sworn to.'" *Langan* v. *Pianowski*, 307 Mass. 149, 151. *Liddle* v. *Old Lowell National Bank*, 158 Mass. 15, 16.

One issue in the case was whether the wife of the defendant received a loan of $40 from the plaintiff, for which the defendant later agreed to be responsible. There was no evidence that she had anything to do with the procuring of the $300 loan. The testimony of the witness Pudaviles, if believed, showed that the defendant's wife had stated that she (as well as her husband) had borrowed money from the plaintiff, and therefore tended to contradict the testimony of the defendant's wife.

*Exceptions overruled.*