Commonwealth *vs.* Arthur L. White.

Suffolk. May 5, 1952. — May 27, 1952.

Present: Qua, C. J., Lummus, Ronan, Wilkins, & Spalding, JJ.

*Evidence*, Collateral issue. *Practice, Criminal*, Discretionary control of evidence.

At the trial of a complaint under G. L. (Ter. Ed.) c. 273, § 11, charging that the defendant, not being the complainant's husband, did get her with child, a question to her on cross-examination as to whether she was infected with syphilis during a certain period including the apparent time of conception of the child was properly excluded in the discretion of the judge as raising serious collateral issues.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on November 1, 1950.

Upon appeal to the Superior Court, the case was tried before *Higgins*, C.J.

*Nathan Hillman*, for the defendant.

*Francis J. Hickey*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. A verdict of guilty has been returned by a jury on a complaint under G. L. (Ter. Ed.) c. 273, § 11, charging that on May 16, 1950, the defendant, not being her husband, did get the complainant with child. The only exception relied upon relates to the exclusion of evidence.

The complainant was the only witness for the Commonwealth. She testified that she had intercourse with the defendant at various times between April and July, 1950; that her last menstrual period was about May 10, 1950; and that she gave birth to a full term child on February 6, 1951.

The defendant testified that he first met the complainant on May 14, 1950; that they had sexual relations once; that this was on June 12, 1950; and that he never had had a venereal disease. A hospital record was admitted in evidence showing statements of the complainant that her last menstrual period was in June, 1950.

The complainant, on cross-examination by the defendant's counsel, was asked "whether she knew of her own personal knowledge whether she was infected with syphilis from February through May of 1950." An objection of the Commonwealth was sustained, and the defendant made an offer of proof that the answer would be "Yes"; that the defendant never had syphilis; that the complainant was treated for syphilis in 1950 at a hospital; that the hospital records were in court; that during her treatment the complainant admitted contact with others in 1950; and that the records of the department of public health would show her to be "a military contact" in 1950.

The offer of proof on cross-examination could be made to show the pertinency, not otherwise apparent, of the question excluded. *Commonwealth* v. *Sherman*, 294 Mass. 379, 389. *Commonwealth* v. *Doyle*, 323 Mass. 633, 635. See *Stevens*

v. *William S. Howe Co.* 275 Mass. 398, 402. But the matter for decision is still the admissibility of the answer to the question which was asked the witness.

We are of opinion that there was no error. The defendant's theory seems to be that as a matter of common knowledge it is probable that he could not have had sexual relations with the complainant while she had syphilis without contracting the disease himself; and that, since he did not become infected in consequence of their relations which he contended occurred on June 12, 1950, the excluded answer tended to corroborate his testimony, and to discredit hers, on the issue whether he had intercourse with her at any time in May when a full term child born in February, 1951, must have been conceived, and when, according to the offer of proof, she was afflicted with syphilis. Any relevancy of the proffered testimony would depend upon the stage of the disease of the person allegedly afflicted. Nothing of the sort appears. It would also seem from the phraseology of the question that it apparently was assumed that the alleged case of syphilis terminated at midnight on May 31, 1950. In these circumstances, it is hardly a matter of common knowledge that exposure preceding that hour probably would have led to infection but subsequent to that hour would not. In any event, serious collateral issues would have been introduced which have been avoided in a wise exercise of the trial judge's discretion.

The actual question asked the complainant further sought to elicit her nonexpert personal knowledge, whereas the true issue, if material, should have been the actual state of her health irrespective of her knowledge. A layman, where the evidence is material, could be asked to describe facts and circumstances of an ailment. *Ashland* v. *Marlborough*, 99 Mass. 47. *Parker* v. *Boston & Hingham Steamboat Co.* 109 Mass. 449, 451. *Koch* v. *Lynch*, 247 Mass. 459, 463. *Vieira* v. *East Taunton Street Railway*, 320 Mass. 547, 550–551. But, as a general rule, a lay witness should not state a conclusion such as the name of a disease, particularly one for the diagnosis of which he would not possess the requisite

experience.   *Zinn* v. *Rice,* 161 Mass. 571, 576.   *Cox* v.
*United States,* 103 Fed. (2d) 133, 135 (C. C. A. 7).   *Grattan*
v. *Metropolitan Life Ins. Co.* 80 N. Y. 281, 301.   *Lush* v.
*McDaniel,* 35 N. C. 485.   *Travellers Ins. Co.* v. *Heppenstall
Co.* 360 Pa. 433, 440.   93 A. L. R. 482.   Wigmore, Evidence
(3d ed.) §§ 568, 1975.

                                        *Exceptions overruled.*