Assessors of Pittsfield *vs*. W. T. Grant Company
(and a companion case between the same parties).

Berkshire.   September 16, 1952. — October 31, 1952.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Williams, JJ.

*Evidence*, Contradiction of witness.   *Taxation*, Appellate Tax Board: requests and rulings.

At a hearing by the Appellate Tax Board in a proceeding for abatement of a tax assessed on certain real estate claimed to be overvalued, it was error to exclude evidence that a witness for the taxpayer, who testified as to the value of such property, had been present at a discussion of valuations and had not expressed disapproval of the valuation of such property as then proposed and later made by the assessors, and that he had said that their proposed valuation was "rather too low."

In a proceeding before the Appellate Tax Board for abatement of a tax on real estate claimed to be overvalued, it was error to deny a request by the assessors for a ruling that "the board is warranted in finding . . . that the . . . [taxpayer] has failed to sustain . . . [his] burden of proving that the assessments in question are higher than the fair cash value of the property . . . and therefore . . . is not entitled to any . . . abatement."

Appeals from decisions by the Appellate Tax Board.

*Paul A. Tamburello*, City Solicitor, (*Edwin E. Reder*, Assistant City Solicitor, with him,) for the assessors of Pittsfield.

*Samuel Markell*, (*Frederick M. Myers & Frederick M. Myers, Jr.*, with him,) for the taxpayer.

Lummus, J.   These are petitions for the abatement of taxes for the year 1949 upon two parcels of improved land, with brick buildings thereon, in Pittsfield, occupied by the taxpayer as a lessee, under a lease which required it to pay the taxes. The taxpayer paid the taxes for 1949, and petitioned for an abatement. The assessors granted an abatement which the taxpayer deemed insufficient. The taxpayer appealed to the Appellate Tax Board. On December 8, 1950, the Appellate Tax Board granted a further abatement,

on the ground of overvaluation by the assessors. The assessors appealed to this court.

The taxpayer called as a witness one Harold J. Bridgman, who was its only witness as to the valuation of its property. He testified that the buildings were worth $80,000 and the land $265,895, on January 1, 1949. On cross-examination the assessors brought out that he with other real estate men took part in a discussion of this and other neighboring properties which the assessors conducted for the year 1949, at which the value of the property in question was discussed. Plans were shown to Bridgman at that discussion on which were marked the valuations proposed and later made by the assessors. The Appellate Tax Board excluded evidence that Bridgman never expressed disapproval of those valuations. Along the same line, the assessors offered to show by the witness Howard D. Sammis that Bridgman had said that the valuations proposed and later made by the assessors were "rather too low," and that the land was worth more. To the exclusion of all this evidence the assessors excepted.

In *Hill* v. *Crompton*, 119 Mass. 376, 382, it was said that it is competent to contradict a witness "by showing that he had made statements inconsistent with his testimony" or "that he was silent when statements inconsistent with it had been made in his presence." See also *Langan* v. *Pianowski*, 307 Mass. 149; *Carson* v. *Boston Elevated Railway*, 309 Mass. 32, 33; *Kislowski* v. *Monkiewicz*, 310 Mass. 257, 258; *Commonwealth* v. *West*, 312 Mass. 438, 440; *Commonwealth* v. *Granito*, 326 Mass. 494, 500. This right to prove statements inconsistent with the testimony cannot be denied by the judge when the testimony bears directly upon a material and not collateral issue in the case, as it did here. *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594, 596. *Slotnick* v. *Silberstein*, 221 Mass. 59, 62. *Commonwealth* v. *West*, 312 Mass. 438, 440. *McGeorge* v. *Grand Realty Trust, Inc.* 316 Mass. 373, 376. In our opinion the exclusion of evidence of the conduct and statements of the witness Bridgman, prior to his testimony, constituted error of law.

One James M. Cleminshaw was offered as an expert witness on value by the assessors. It appeared that he had had extensive experience as an appraiser of real estate for thirty years, some of it in Massachusetts, but that he had never bought, sold, built or leased any property in this Commonwealth, or testified in our courts. The board excluded his testimony, and left it doubtful whether it was excluded because he was not qualified as an expert or because he was biased. We need not consider the propriety of this exclusion, since on other grounds the decision cannot stand. It is clear, however, that the bias of a witness goes only to his credibility, and is not a reason for exclusion of his testimony. *Commonwealth* v. *Putnam*, 2 Allen, 301. *Commonwealth* v. *Shea*, 323 Mass. 406, 416.

The assessors requested a ruling that "the board is warranted in finding or ruling that the . . . [taxpayer] has failed to sustain its burden of proving that the assessments in question are higher than the fair cash value of the property on January 1, 1949, and therefore that the . . . [taxpayer] is not entitled to any relief or abatement." The board refused to make that ruling. With the burden of proof on the taxpayer, it is plain that the board could have found for the assessors. We think that there was error of law in the refusal to make that ruling. *Hoffman* v. *Chelsea*, 315 Mass. 54. *Liberatore* v. *Framingham*, 315 Mass. 538.

Other alleged errors are relied on and have been argued. But we do not find it necessary to consider them, since what has been said already shows that the decision cannot stand and that the cases must be heard anew. In each case the entry must be

*Decision reversed.*