MARGARET J. DONAHUE *vs.* MARCEL A. KENNEY & others.

Suffolk. February 2, 1953. — February 26, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Equity Pleading and Practice*, Record, Discretionary control of evidence. *Rules of Court. Evidence*, Relevancy and materiality, On cross-examination, Offer of proof. *Error*, Whether error shown.

A designation filed under Rule 2 (B) of the Rules for the Regulation of Practice before the Full Court (1952) should not ordinarily be included in the record. [10]

Portions of a transcript of testimony included in a record on appeal or report in accordance with a designation under Rule 2 (B) of the Rules for the Regulation of Practice before the Full Court (1952) should

indicate the names of the witnesses, by whom they were called, and the stage of the examination at which the testimony was given. [10]

An exception to a temporary exclusion by a trial judge of evidence not later reoffered disclosed no error. [11–12]

In a suit in equity by one seeking reinstatement in a labor union and damages for alleged unlawful expulsion therefrom, no error was shown on the record in the exclusion of testimony relating to a controversy between the plaintiff and another union and some of its officers or testimony relating to changes in the hearing procedure of the union since its proceedings resulting in the expulsion of the plaintiff. [12–13]

No harmful error appeared in the exclusion on cross-examination of a letter not included in the record and so not shown to have been of benefit to the party offering it. [13]

BILL IN EQUITY, filed in the Superior Court on March 11, 1949.

The suit was heard by *Beaudreau,* J.

*Mark J. Dalton,* for the plaintiff.

*Harold B. Roitman,* (*Arthur J. Flamm* with him,) for the defendants.

WILKINS, J. After the previous decision in this case (327 Mass. 409) there was a hearing on the merits resulting in a final decree dismissing the bill from which the plaintiff appealed. In this court the plaintiff argues three questions of evidence.

At the outset the state of the record requires comment. The plaintiff filed a designation under Rule 2 (B) of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 693. This designation, among other things, listed portions of the transcript to be printed. The completed record unnecessarily contains the designation with the judge's approval. This need be printed only where it affects a matter in dispute on the appeal. Usually a designation, after serving as a guide for the preparation of the record, has no further function. On the other hand, a serious defect in the completed record here is that the designated portions of the transcript appear without the names of the witnesses or of the party who called them, and without showing in two instances whether the testimony was on direct or cross-examination. This essential information should always be given. Otherwise the abbreviated record,

which it is the purpose of the rule to provide in the interest of saving time and expense, will lack adequate clarity.

The plaintiff was a member, business agent, and financial secretary-treasurer of the Waitresses Alliance Union Local No. 112 of the Hotel & Restaurant Employees and Bartenders International Union. She was also a member of the Hotel & Restaurant Employees and Bartenders International Union. She was found guilty of embezzlement from the local union by Hugo Ernst, general president of the international union, and was expelled from the international union. After her appeal was denied, she brought this suit for reinstatement and damages. The foregoing facts were found by the judge, who further found that the union proceedings were taken in accordance with the constitution of the international union and that the union "findings" were made in good faith.

1. On direct examination the plaintiff testified that she knew Solly Swartzman, who was business agent of the Cafeteria Workers Union, Local 480, and that she had had many disagreements with him. This testimony was received conditionally upon its relevancy being established. When the judge asked how relevancy was to be shown, counsel for the plaintiff answered: "What I want to prove is this; I want to show the reason for the expulsion of Mrs. Donahue from the union in this fashion; and I will produce testimony that she had disagreements with Sol Swartzman's union; that in this effort to build up his union Solly Swartzman had the support of Kenney and Miller and Ernst; and that the plan was to build up his union at the expense of Margaret Donahue's union; and Margaret Donahue stood firmly in the way of that plan. I also intend to introduce evidence that Solly Swartzman said, 'I got Rankin, and I got Donahue.'" The judge excluded the evidence stating, "I will consider this as an offer of proof. If the circumstances during the trial of the case convert my decision, you will get it. But right now I am going to exclude it." The plaintiff excepted.

So far as appears, the testimony was not later reoffered.

This omission would be enough to dispose of the exception to a ruling which expressly was not final and which related to the order of proof, a matter in the discretion of the trial judge. *N. J. Magnan Co.* v. *Fuller*, 222 Mass. 530, 534–535. *Sullivan* v. *Brabason*, 264 Mass. 276, 284. *Milliken* v. *Warwick*, 306 Mass. 192, 195–196. *McGeorge* v. *Grand Realty Trust, Inc.* 316 Mass. 373, 377. At least one other difficulty is more fundamental. The burden is on the excepting party to show error. *Posell* v. *Herscovitz*, 237 Mass. 513, 517. *Quincy* v. *Wilson*, 305 Mass. 229, 231. *Ferris* v. *Turner*, 320 Mass. 555, 558. The plaintiff has not done so. The excluded testimony related to a controversy or controversies with another union and at least some of its officers. Its admission could well have led to unreasonable collateral inquiries. Swartzman is not a party to this case, and the statement attributed to him is hearsay on this record. *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 504. Underlying all, the basic objection is that the materiality of the entire offer of proof is entirely doubtful.

2. On cross-examination of the defendant Kenney, the first district vice-president of the international union, a question, consisting up to that point of a partial quotation from an official journal of the catering employees union and relating to a hearing on charges against a union member in Philadelphia, was interrupted by the objection that it concerned a hearing in 1951, whereas the union hearing in the case at bar took place in 1948. Counsel for the plaintiff stated that he offered to show that the international union had completely changed its procedure since 1948 and that now the provisions of the union constitution with respect to hearings are followed. In saving an exception, the plaintiff's counsel inquired whether "that whole line of questioning [was] excluded." The judge replied that that particular question was excluded. The plaintiff's counsel asked the witness whether the procedure of the international union had changed in handling cases. The witness answered, "Yes, it changes after every convention by virtue of resolutions and amendments submitted for

adoption at conventions." The judge then asked, "Have there been any changes made in the constitution, by-laws or regulations of this international that we are talking about as a result of any proceedings in this particular Donahue case?" The witness answered, "No." The judge said, without objection, "All right; that ends it." All we need say is that no error appears.

3. On cross-examination of the defendant Kenney the plaintiff offered a letter from a clergyman to Hugo Ernst. This letter apparently had been a part, but only a part, of the evidence in the union proceedings resulting in the expulsion of the plaintiff. Counsel for the plaintiff stated that it was offered "to show the evidence before Mr. Ernst and the members of the general executive board, the kind of trial it was, and to show what was before them when they voted her guilty of embezzlement." The letter is not in the record. Hence no harm has been shown. Ordinarily no offer of proof is required on cross-examination. *Stevens* v. *William S. Howe Co.* 275 Mass. 398, 402. *Grandell* v. *Short,* 317 Mass. 605, 608–609. *Commonwealth* v. *Rudnick,* 318 Mass. 45, 56. See *Commonwealth* v. *White,* 329 Mass. 51, 52. But no error appears where the mere question does not disclose wherein the answer might be of benefit to the party asking the question. *Commonwealth* v. *Doyle,* 323 Mass. 633, 635.

*Decree affirmed with costs of appeal.*