*Northern District*

No. 5132

**ANNA BABISH**

v.

**CITY OF CAMBRIDGE**

(August 9, 1957)

142

*Present:* GADSBY, P. J., BROOKS AND CONNELLY, JJ.

*Brooks, J.* This is an action of tort for injuries claimed to have resulted from a sidewalk defect. Defendant pleads general denial and contributory negligence.

The declaration placed the defect on the south side of Cambridge Street, 18 paces east of Dana Street. The notice sent by plaintiff to the city gave the same location. Plaintiff's testimony in court placed the defect near the corner of Ellsworth Street, which is the next street entering Cambridge Street, east of Dana Street. The distance between the two locations was 110 feet.

Plaintiff testified that she was walking westerly on Cambridge Street between Ellsworth Street and Dana Street, that she had passed Lima's Store on the corner of Ellsworth and Cambridge Street and was one-third up from his store when *her foot went into a hole in the brick sidewalk where a brick was out;* that the hole was 8 inches by 3½ inches by 3 inches; and that she had observed the hole after the accident and two or three weeks prior thereto.

The owner of Lima's Store testified that he heard plaintiff shout and that he saw her on the ground 40 feet from the corner of Ellsworth Street. Officer Sullivan of the Cambridge Police Department was driving by the scene in a prowl car and sent a report of his observations to the city solicitor. There is no evidence as to the contents of the report. Officer Sullivan testified that there might be a small depression in the area, but not of the dimensions testified to by plaintiff.

Assistant City Engineer Carney and Officer O'Neil went to the corner of Cambridge Street and Dana Street, the area described in the notice, and found the area generally free of defects. They do not appear

to have examined the area where plaintiff testified in court that she fell. O'Neil testified that the plaintiff told him three months after the accident that she fell near the corner of Dana Street and that the cause of her fall was a broken brick. There was a hole in the sidewalk on Cambridge Street about 18 paces from Dana Street.

Plaintiff testified that when she fell she snapped the back of her neck, bruised her knees, and elbows, and hurt her thumb. She was treated three times by Dr. Mahlowitz and her neck X-rayed but the X-ray was negative as to fracture. She testified that the pain in her neck started the day after the accident and stopped a year and two months later.

Dr. Sargent, an orthopedic specialist, testified that he examined plaintiff approximately a year after the accident. He found tenderness in the cervical and dorsal spinal area and that left lateral flexion was painful. On direct examination, Dr. Sargent, after a proper hypothetical question, put by plaintiff's counsel, was asked, "What is your opinion (as to the causal relation between the injury and the plaintiff's condition in October, 1954)?" Against the objection of defendant, the witness answered, "She had a long-standing arthritis which could well have been aggravated by the fall."

Defendant requested a report on the admission over objection of Dr. Sargent's testimony and of plaintiff's testimony that the pain in the neck lasted for a year and two months.

Defendant made the following Requests for Rulings:

"Upon all the evidence, the plaintiff is not entitled to recover for the following reasons:

"1. (A) The evidence, in its most favorable aspect to the plaintiff, establishes that the condition alleged by the plaintiff to constitute a defect causing her injuries was not such a defective condition as to constitute a defect or want

of repair for which there is a cause of action under G. L. c. 84, §15.

(B) Any irregularity in the highway as to which evidence was produced is not of such degree to constitute a defect for which the defendant city is liable.

(C) The evidence establishes that the plaintiff's own negligence contributed to her injuries.

"2. The plaintiff has the burden of proof to show either that the defendant had actual knowledge of the defect alleged to have caused her injuries or by the exercise of proper care and diligence could have had such knowledge.

"3. The defendant is not required to keep its ways in perfect condition, but it is sufficient that they are reasonably safe and convenient for travel.

"4. If the defendant furnishes a traveler with a reasonably safe way, it is not responsible for imperfections or unevenness in the highway.

"5. Notice of injury given by the plaintiff to the defendant was insufficient.

"6. The plaintiff has not sustained the burden of proof that the defendant was not in fact misled by her notice of injury.

"7. The insufficiency of the plaintiff's notice of injury was not remedied by the knowledge of a police officer of the defendant as to the place and cause of the plaintiff's injury.

"8. The insufficiency of the plaintiff's notice of injury was not remedied by a report of the accident submitted by a police officer of the defendant to the office of the City Solicitor on the day of the accident."

The court denied defendant's requests 1(A), (B), (C), 5, 6, 7, 8 and allowed 2, 3, 4.

The court found the following facts:

"Due notice of time, place and cause of accident was given to the defendant, even though the notice was inaccurate as to the location of the defect.

"There was no intent on the part of the plain-

tiff to mislead the defendant and in fact, the inaccuracy did not mislead.

"The defect that resulted in the plaintiff's injuries consisted of a hole in a sidewalk (on a heavily travelled part thereof) of about eight inches in length, three inches in depth and three and one-half inches in width; and that the plaintiff's foot caught into said hole causing her to fall forward.

"The plaintiff was in the exercise of due care and was not contributorily negligent.

"The defendant had actual knowledge of the defect, or by the exercise of proper care and diligence could have had such knowledge.

"I, therefore, find for the plaintiff in the sum of $2,580.00 and do not pass upon her requests."

Defendant's various objections to the court's findings and rulings boil down to two: (A) Defendant was misled by the inaccuracy in plaintiff's notice as to the location of the defect; (B) Admission of the two questions over the objections of defendant was error.

G. L. c. 84, §18, prescribes that the party injured by a highway defect, shall give notice of the defect within 30 days to the Mayor, City Clerk or City Treasurer, stating certain things including the location of the defect. The section then goes on to say, "such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the name or place of residence of the person injured or the time, place or cause of the injury if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby."

The notice was sent within the proper time to the right person. The primary complaint about the notice is that the location of the defect was not accurately stated. It is not contended that this was intentional.

■ The sole issue, therefore, so far as the notice is concerned, is whether the city was in fact misled by the inaccuracy within the meaning of the statute. The notice gave the location on Cambridge Street, 18 paces from the corner of Dana Street, nearest Inman Square, that is to say, between Dana Street and Ellsworth Street, the next street entering Cambridge Street to the east, parallel to Dana Street. Plaintiff's own testimony in court supported by the proprietor of the store at the corner of Cambridge and Ellsworth Street, gave the location at approximately 40 feet from Ellsworth Street. According to uncontradicted testimony, the distance between the two locations was 110 feet. Plaintiff's notice described the defect as 8 inches by $3\frac{1}{2}$ inches by 3 inches. She further stated that it was due to the absence of a brick. Carney and O'Neil, who went to the Dana Street location, found no such hole, although they found one brick slightly depressed. The store proprietor testified that in the area where plaintiff did fall, there had been for some time a depression in the sidewalk between 4 feet in width and varied between 1 and 2 inches in depth. Officer Sullivan was at the scene of the accident at the time. He made a report to the city solicitor. He testified that there was no defect in the sidewalk where plaintiff fell. No evidence was introduced as to the matter of Sullivan's report to the city solicitor but it is reasonable to assume that he stated the correct location of the accident.

■ Two questions arise. Is there, apart from Sullivan's testimony, evidence to support a finding that the city was not or should not have been misled by the notice? If there is no such evidence, does Sullivan's testimony that he made a report to the city solicitor supply that evidence? The burden is on plaintiff to prove that defendant was not misled or should not have been misled. *Tobin v. Brimfield*, 182 Mass. 117. While the city clerk is a proper

person to receive a notice, he is not one who is misled. That person is the one who investigates the accident. In this sort of a case, it is probably the city solicitor's office making use of the police and perhaps the highway department. On the information received through the investigation, the city solicitor prepares the case for settlement or trial.

 Carney and O'Neill examined the area immediately described in the notice. They found no defect. One hundred ten feet away, where the accident apparently took place, was a depression which the court found to be a defect. There was evidence of a hole 8 inches by 3½ inches by 3 inches which plaintiff testified caused her fall. This could rightfully be held to be a defect which the city should have known about. *Sears v. Greenfield*, 287 Mass. 445; *Smith v. Fall River*, 295 Mass. 88; *Callagy v. Boston*, 297 Mass. 253. The court found plaintiff was not contributorily negligent. This was a question of fact for the court. *Smith v. Fall River*, 295 Mass. 88.

 According to Messrs. Carney and O'Neill there was no real defect 18 Paces from Dana Street. On the other hand, according to the court's finding, there was such a hole 110 feet away in the same block on the same side of the street. The trial judge found that the defendant was not in fact misled by the notice. Whether he considered that Carney and O'Neill should have explored the sidewalk for the distance between Dana Street and Ellsworth Street does not appear, neither do we know what weight he put on Sullivan's testimony that he notified the Law Department where the fall occurred. Having in mind the propensity of the average person for inaccurate description of time and space, it does not seem to us unreasonable to hold that experienced agents of the city detailed to investigate this accident should have extended their exploration beyond the

area they actually examined, even to the extent of 110 feet.

■ The fact that Sullivan made a report to the Law Department, which report was not produced in court, gives some additional support to plaintiff's contention that the city should not have been misled as to the location of the accident. All in all, we think that plaintiff has sustained the burden of proving that defendant should not have been misled by the notice.

■ With respect to the objection to the admission of evidence, upon which defendant claimed reports, the trial court ruled correctly in both instances. Plaintiff testified that the pain in her neck ceased one year and two months after the accident. Who is in a better position than a sufferer to describe the duration of the discomfort? Obviously, the victim may lie or exaggerate. That is for the court to take into consideration. If a plaintiff may describe symptoms, *C. v. White*, 329 Mass. 51-53, he certainly may describe any change in or cessation of the symptoms.

■ Dr. Sargent testified that plaintiff's arthritic condition of long standing "could well have been aggravated" by the fall so as to be noticeable in October, 1954. Had Dr. Sargent not testified at all, the court could have found on plaintiff's testimony that she was suffering from the effects of that fall at that time. Defendant's brief acknowledges that "it is a matter of common knowledge that accidents sometimes cause a flare up or aggravation of an arthritic condition." Dr. Sargent's testimony is merely corroborative of plaintiff's testimony as to the duration of the pain. Incidentally, the expression, "could well," is a much more definite statement than the expression of mere possibility.

■ What defendant's counsel has attacked here is what he considers excessive damages, a matter which

is normally raised by a motion for a new trial, which was not made in this case.

We are not disposed to reverse the trial judge on the grounds of the inaccuracy of the notice, nor to order a new trial on the matter of damages.

Report to be dismissed.

George P. Lordan, for the Plaintiff.

Richard A. Gerould, for the Defendant.