CONSTANTINE A. WHEELER *vs.* LLOYD D. HOWES
& another.

Middlesex.   November 7, 1957. — May 1, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN,
WHITTEMORE, & CUTTER, JJ.

*Witness*, Contradiction, Credibility.   *Evidence*, Contradiction of witness, Credibility of witness.

At the trial of an action by a mechanic to recover for personal injuries sustained when he was struck by the defendant's truck while the defendant was moving it to test the brakes after the plaintiff had adjusted them, there was no error on the part of the judge in allowing the plaintiff, in cross-examination of a witness for the defendant present at the accident who had given testimony consistent with a theory advanced by the defendant that the cause of the accident was a failure of the brakes to operate when he stepped on the brake pedal, to introduce a statement of the witness to a representative of the plaintiff before trial, solely to impeach the witness's credibility, that "as . . . [the witness] saw it . . . [the defendant] delayed too long in putting on his brakes and thus hit" the plaintiff.

TORT.   Writ in the Superior Court dated July 3, 1953.

The action was tried before *Kalus*, J., a District Court judge sitting under statutory authority.

In this court the case was argued before *Wilkins*, C.J., *Ronan, Counihan, Whittemore,* & *Cutter,* JJ., and afterwards was submitted on briefs to all the Justices.

*Reuben H. Nitkin*, for the defendants.

*John J. McNaught*, for the plaintiff.

CUTTER, J. The plaintiff was struck by a tractor truck owned by the defendants and operated by the defendant Fell. In this action of tort alleging that the defendant Fell's negligence caused this injury, there was a verdict for the plaintiff. The case comes here only upon the defendants' exception to the allowance of a question put by the plaintiff in cross-examination of a witness called by the defendants.

The following facts were not in dispute. Fell drove his truck to the plaintiff's service station and asked the plaintiff to adjust the front brakes. The plaintiff made some adjustments and Fell moved the truck backward and forward a few times to test the brakes. In his last move forward he struck the plaintiff and crushed him against another truck. There was conflicting testimony (a) whether any warning was given by Fell and (b) whether, shortly after the accident, Fell admitted that, while he did not intend to hurt the plaintiff, he did try "to scare him." It could have been found that, shortly before the accident, the rear brakes had been incorrectly adjusted by another mechanic, not the plaintiff.

The issue here presented arose during the testimony of one McShane, who was present at the service station at the time of the accident. He testified (a) that he heard Fell ask the plaintiff to adjust the brakes; (b) that the plaintiff then made some adjustments; (c) that before Fell started to test the brakes by moving the truck, he tried the brake pedal at the plaintiff's request and said to the plaintiff, " 'the brake pedal went to the floor' and that . . . [the plaintiff] replied, 'the brake is supposed to go to the floor on air brakes' "; and (d) that the tractor's speed as it moved forward was "about five miles per hour." On cross-examination McShane testified that shortly after the accident he had given a statement to representatives of the plaintiff in which he had said " . . . Fell got into the truck and tried them ([the] brakes) and said they were all right."

He was then asked whether he had not also said in his statements, "As I saw it . . . [Fell] delayed too long in putting on his brakes and thus hit" the plaintiff. McShane over the objection and exception of the defendants was permitted to read this part of the prior statement to the jury. The judge instructed "the jury that it . . . [was] admissible only on the credibility of this witness and not as bearing on whether or not that did happen."

The evidence given by McShane at the trial does not seem to be very seriously in conflict with his prior statement. Nevertheless, the testimony at the trial may have tended slightly to support, and at least was consistent with, one of the theories advanced by the defendants about the cause of the accident, namely, that the brakes failed to operate when Fell stepped on the pedal, following the alleged conversation about the pedal going to the floor, whereas the prior statement put forward the view that the brakes had been tried and found by Fell to be all right but that Fell was slow in applying them. The prior statement, for any purpose except its bearing upon McShane's credibility, was hearsay, inadmissible in any event, to prove the facts then stated. See *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272, 275; *Desmond* v. *Boston Elevated Railway*, 319 Mass. 13, 14–15, and cases cited. We cannot say, however, that there was so little inconsistency between the statement and McShane's actual testimony that the trial judge erred in admitting the statement, under proper instructions, solely for its possible bearing on McShane's credibility. See *Kislowski* v. *Monkiewicz*, 310 Mass. 257; *Commonwealth* v. *West*, 312 Mass. 438, 440; *Commonwealth* v. *Granito*, 326 Mass. 494, 499–500; *Assessors of Pittsfield* v. *W. T. Grant Co.* 329 Mass. 359, 360; McCormick, Evidence, §§ 34–36; Wigmore, Evidence (3d ed.) §§ 1040, 1041.

*Exceptions overruled.*