JAMES MCNEILL *vs.* AMERICAN CYANAMID COMPANY. April 23, 1975. 1. There was no error in directing a verdict for the defendant on the evidence that was admitted. That evidence (as contrasted with the plaintiff's description thereof), when considered in the light most favorable to the plaintiff, showed no more than the possibility of a causal relationship between (a) the presence of iron filings or water (or a combination thereof) in the molding compound manufactured by the defendant and (b) the "pop" of the molded product which resulted in the plaintiff's injury. On this aspect of the case we concur in the conclusion expressed by the judge in the course of directing the verdict that "we don't know what caused this gas to be trapped, whether it was the molding machine or whether it was something in the mixture." Although the defendant knew that a product molded from its compound could (for causes unrelated to the quality of its compound) pop when removed from its customer's molding machine, the plaintiff (a press operator in a plastics molding shop) failed to sustain his burden of showing that the defendant had any reason to suppose that he (the plaintiff) needed to be warned of any such danger. See *Carney* v. *Bereault,* 348 Mass. 502, 506 (1965); *Haley* v. *Allied Chemical Corp.* 353 Mass. 325, 330 (1967); *Currie* v. *Lee Equip. Corp.* 362 Mass. 765,

Rescript Opinions.

769 (1973). 2. There was no error in the exclusion of any of the questions put to Carroll. The judge could properly conclude (see *Louise Caroline Nursing Home, Inc.* v. *Dix Constr. Corp.* 362 Mass. 306, 308-309 [1972]) that the witness' expertise lay in the fields of (a) metallurgy and (b) the testing of molded products to determine their resistance to external physical forces and their dielectric characteristics rather than in the fields of (c) the manufacture of the molding compound or (d) the process of molding the compound. The judge did not abuse his discretion in refusing (on his own motion) to entertain further testimony on the witness' qualifications to express an opinion on the cause of the pop; the judge had expressed his doubts concerning such qualifications at the conclusion of the initial and extensive voir dire, and the plaintiff had been afforded ample opportunity to fill the hiatus before the excluded questions were put. The results of the witness' experiments were properly excluded for the reasons stated by counsel for the defendant and accepted by the judge when the experiments were first discussed. 3. The exclusion of the opinion sought from Farrari does not require a new trial. If (as we are not prepared to say) the exclusion was not proper for either of the reasons given by the judge, the plaintiff was not prejudiced by the ruling; he was able to elicit the desired opinion in unequivocal form from the defendant's expert witness (Schupp) at a later point in the trial, and the receipt of that opinion did not put the plaintiff in a position which entitled him to go to the jury.

*Judgment for the defendant.*

*Albert P. Zabin* for the plaintiff.
*Robert A. Curley* (*Robert A. Curley, Jr.,* with him) for the defendant.