ALICE RISEBERG *vs.* DALZELL FORD SALES, INC. June 21, 1978. 1. We do not consider the motion for a directed verdict which the defendant presented at the close of the plaintiff's case because the defendant did not rest and thereafter proceeded to introduce evidence in its own behalf. *Martin* v. *Hall*, 369 Mass. 882, 884-885 (1976). 2. Nor do we consider the ground now urged by the defendant in support of the motion for a directed verdict which it presented at the close of all the evidence because that ground was not stated in the motion or, as we read the transcript, otherwise brought to the attention of the judge when the motion was presented and denied. *Russo* v. *Star Mkt. Co., ante* 875 (1978), and authorities cited. Nothing in *Soares* v. *Lakeville Baseball Camp, Inc.,* 369 Mass. 974, 975 (1976), requires such consideration. 3. There is no doubt as to the admissibility of the only portion of the evidence now complained of in the defendant's brief which was objected to at trial (see Mass.R.Civ.P. 46, 365 Mass. 811 [1974]; *Kando* v. *Dick Weller, Inc.* 4 Mass. App. Ct. 808 [1976]). 6 Wigmore, Evidence § 1777(2) (Chadbourn rev. 1976). We are not persuaded that the defendant was harmed by any of the evidence now complained of in view of counsel's subsequent action in reading to the jury the plaintiff's testimony on deposition that Adrian had told her that "he needed some money to pay a corporate loan."

*Judgment affirmed.*

*Donald G. Tye* for the defendant.
*Frank L. Bridges* for the plaintiff.