COMMONWEALTH vs. STEPHEN FAVORITO.

Norfolk.  October 10, 1979. — February 6, 1980.

Present: GRANT, ARMSTRONG, & DREBEN, JJ.

*Evidence,* Collateral matter.  *Witness,* Impeachment.

At the trial of indictments charging forgery, no abuse of discretion or
other error appeared in the exclusion of transcripts of recordings of the
defendant's probation revocation hearing in a District Court, or the
recordings themselves, when offered in evidence for purposes of
impeachment of the defendant's former employer on a collateral mat-
ter.  [138-140]

At a criminal trial, evidence of a specific instance of "questionable be-
havior" by a witness, as contrasted with evidence of the witness's
general reputation for veracity, when offered for purposes of impeach-
ment, was properly excluded.  [140]


INDICTMENTS found and returned in the Superior Court
on April 7, 1978.

The cases were tried before *Linscott,* J.

*Peter C. Raymond* for the defendant.

*Brian T. Hanlon,* Assistant District Attorney (*Charles J.
Hely,* Assistant District Attorney, with him) for the Com-
monwealth.

DREBEN, J.  The defendant Stephen Favorito was em-
ployed by an attorney as a legal assistant.  A jury found that
he had forged his employer's signature on seven checks and
convicted him of forgery, uttering forged instruments
knowing the same to be forged, and larceny.  In his appeal
he presents two questions relating to the exclusion of evi-
dence.  Neither claim has any merit.

1. At the trial, after his former employer testified that
the defendant had made bank deposits for him, defense
counsel asked the employer whether he had testified in a

previous probation revocation proceeding. The lawyer acknowledged that he had but said that he could not recall whether he had been asked whether the defendant had made deposits on his (the lawyer's) behalf. He testified, "If they asked me, I would have told them the same as I'm telling you." After a bench conference, the judge stated for the record that defense counsel wanted to introduce in evidence a typewritten notebook, not an official record, which counsel represented contained transcripts of tapes made in a District Court, and that the book was offered on the question of the employer's credibility concerning whether the defendant had made bank deposits.

There was no error in excluding the notebook. Apart from the question of the notebook's authentication as a transcript of the defendant's probation revocation hearing (see *Attorney General* v. *Ware,* 328 Mass. 18, 22-23 [1951]; Leach & Liacos, Massachusetts Evidence 265-271 [4th ed. 1967]), the matter of deposits was not a material issue in the case and "[e]xtrinsic evidence on a collateral matter may be introduced at trial for the purposes of impeachment only in the discretion of the judge." *Commonwealth* v. *Chase,* 372 Mass. 736, 747 (1977). Moreover, only those portions of the transcript which might have contained inconsistent statements would have been admissible, and the defendant failed to separate those portions. Cf. *Chase* v. *Chase,* 271 Mass. 485, 490 (1930), and compare the procedure followed in *Wheeler* v. *Howes,* 337 Mass. 425, 427 (1958). There was no abuse of discretion or other error in refusing to admit the entire notebook. See *Commonwealth* v. *Makarewicz,* 333 Mass. 575, 593 (1956). See also *Commonwealth* v. *Watson,* 377 Mass. 814, 824-834 (1979).

The defendant also claims that cassettes of the probation revocation proceedings should have been admitted in evidence. The record, however, does not indicate that these were ever offered by the defendant and, in any event, the cassettes would have placed before the jury the entire transcript, which we have held to have been properly excluded by the judge. The cassettes would stand on no firmer

ground than the notebook as a whole.   See *Commonwealth v. Watson, supra* at 834-836.

2.   The defendant also claims error in the refusal of the judge to permit a witness to testify to questionable behavior by the employer.[1]   There was no error in excluding the proffered testimony.   Evidence of bad character for purposes of impeachment can only be shown by evidence of general reputation for veracity and not by proof of specific acts. *Davidson* v. *Massachusetts Cas. Ins. Co.,* 325 Mass. 115, 123 (1949).   See *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 754-755 (1961); *Commonwealth* v. *Sperrazza,* 379 Mass. 166, 169 (1979); Leach & Liacos, *supra* at 121-123. There was no claim that the witness could testify of her personal knowledge of the employer's general reputation for veracity in the community.   The testimony sought to be introduced was inadmissible.   *Commonwealth* v. *Baxter,* 267 Mass. 591, 592 (1929).

*Judgments affirmed.*

---

[1] The witness would have testified that at the request of the defendant's former employer she had taken notes in a District Court proceeding; that she had been questioned by the judge during a recess concerning her note-taking; that she had failed to inform the judge of the employer's request; that the employer, when informed of her conversation with the judge, did not urge her to tell the judge the full story; and that, when the judge learned the facts, he felt that "she was treading on a fine line of contempt."