EMILY K. LEVEY *vs.* LILLIAN CURRY, executrix. August 18, 1981. The defendant, as executrix of the will of the plaintiff's mother-in-law, appeals from a jury award in the Superior Court of $25,000 in quantum meruit to the plaintiffs for services rendered to the decedent from 1964 to 1972. We affirm.

1. The defendant argues that the trial judge erred in restricting her cross-examination of the plaintiff and her direct examination of the defendant. In both examinations the defense counsel was attempting to impeach the plaintiff as to her testimony that the decedent required twenty-four hour a day care during her final years. The claim arising from the direct examination of the defendant is not properly preserved for review. The judge's last statement concerning this aspect of the direct examination of the defendant was: "Continue with the question please." That counsel declined to continue the inquiry following that statement convinces us that this contention is not properly before us. *Olson* v. *Ela*, 8 Mass. App. Ct. 165, 170-171 (1979). See *Commonwealth* v. *DiSanto*, 8 Mass. App. Ct. 694, 707 (1979). We note, too, that no offer of proof was made in response to the claimed limitation of direct examination. *Ramacorti* v. *Boston Redevelopment Authy.*, 341 Mass. 377, 382 (1960). No harm could have resulted from the claimed limitation of the cross-examination of the plaintiff, as the defendant later testified concerning the subject of that inquiry, namely, the plaintiff's employment during the final years of the decedent's life. Further, the plaintiff testified on cross-examination that she was employed part-time during that period. *McNeill* v. *American Cyanamid Co.*, 3 Mass. App. Ct. 738, 739 (1975). See *Riseberg* v. *Dalzell Ford Sales, Inc.*, 6 Mass. App. Ct. 896 (1978).

2. The defendant claims error in the exclusion, in whole and in part, of a letter written by the plaintiff's husband. The letter as a whole, or at least so much of it as would have been necessary to allow a fair understanding of the statement sought to be admitted (see *Commonwealth* v. *Watson*, 377 Mass. 814, 824-834 [1979]), would have raised collateral issues which would have been unduly prejudicial to the plaintiff. See *Kavanaugh* v. *Colombo*, 304 Mass. 379, 382 (1939); *Commonwealth* v. *Favorito*, 9 Mass. App. Ct. 138, 139 (1980). See also *Donahue* v. *Kenney*, 330 Mass. 9, 12 (1953). Admission of the letter, or a significant part of it, would have invited speculation as to the tenor of the husband's relationship with his wife (the plaintiff) and with his sister (the defendant). Alternatively, admission of only that portion of the letter containing the statement sought to be admitted would have made the statement mislead-

ing to the jury. See *Commonwealth* v. *Watson*, 377 Mass. at 824-834. In these circumstances, the judge could within his discretion properly exclude it. There was no abuse of discretion. *Passanessi* v. *C.J. Maney Co.*, 340 Mass. 599, 602-603 (1960).

3. The defendant contends that the amount of the damages awarded was excessive. Damages based on services such as the performance of household duties and services for elderly or ailing persons need not be supported by expert testimony. *Thibault* v. *DeVio*, 318 Mass. 605, 606 (1945). *Mason* v. *Black*, 341 Mass. 347, 349 (1960). *Green* v. *Richmond*, 369 Mass. 47, 55 (1975). We cannot say that the amount awarded by the jury was excessive. *Mason* v. *Black*, *supra* at 349. *Hastoupis* v. *Gargas*, 9 Mass. App. Ct. 27, 37 (1980).

> *Order denying new trial affirmed.*
> *Judgment affirmed.*

*Harry Sarkis Terkanian* for the defendant.
*Martin V. Tomassian, Jr.*, for the plaintiff.