CUSTODY OF A MINOR (No. 1). May 19, 1983. *Parent and Child,* Care and protection of minor. *Minor,* Care and protection.

The Division of Family and Children's Services of the Department of Public Welfare (department) brought a petition under G. L. c. 119, § 24, seeking a determination that the respondents' son, then two years of age, was a child in need of care and protection. The department was granted temporary custody of the child, who was placed in a series of foster homes while legal skirmishes between the department and the parents took place concerning visitation with and supervision of the child. When permanent custody of the child was awarded to the department, the parents exercised their right to a trial de novo, G. L. c. 119, § 29, at the conclusion of which the trial judge dismissed the department's petition and ordered the child returned to his parents. The department appeals, and we affirm.

1. The question before the trial judge was "whether the natural parents are *currently* fit to further the welfare and best interests of the child" (emphasis supplied). *Bezio* v. *Patenaude,* 381 Mass. 563, 576 (1980). See also *Custody of a Minor (No. 1),* 377 Mass. 876, 880 (1979). In "specific and detailed findings demonstrating that close attention ha[d] been given the evidence," *id.* at 886, the trial judge chronicled those events which led to the initial removal of the child and the parents' successful efforts to deal with those problems which had caused their past inability to provide a suitable environment for their son. There is ample evidentiary support for the trial judge's conclusions that: (1) the parents are capable of providing a stable environment for their son; (2) the parents have good parental skills; (3) neither parent had ever seriously abused the child; (4) there was no pattern of parental neglect or misconduct; and (5) the parents love their child and are ready to assist him in his "adjustment back into his family life, including a counselling plan." The department made no persuasive showing of the necessity of removing the child from his parents, *Custody of a Minor (No. 1),* 377 Mass. at 886, and the trial judge correctly dismissed the department's petition.

2. The trial judge's comprehensive findings of fact and her statements to counsel in response to the department's motion for a mistrial demon-

strate that she had not "prejudged the case" and that she well understood the standard to be applied to the department's evidence. The motion was frivolous and properly denied.

3. The trial judge's denial of the department's request to be allowed to present a witness in rebuttal to the parents' evidence was a matter within her sound discretion, and the department's offer of proof in support of its request demonstrates that the trial judge did not abuse her discretion. See *Donahue* v. *Kenney*, 330 Mass. 9, 12 (1953).

*Judgment affirmed.*

*Francis J. Brennan* for Department of Social Services.
*Michael F. Stone* for the minor.
*Thomas Arthur Hensley* for the parents.